[No. 203-2.    Division Two.    October 15, 1970.]

*In the Matter of the Welfare of* MARTINA REYES MARTIN
*et al., Minors.*

THEODORE MARTIN *et al., Petitioners,* v. THE SUPERIOR COURT
FOR PIERCE COUNTY, *Respondent.*

Knodel, Luce & Rasmussen and Kenyon E. Luce, for petitioners.

Ronald L. Hendry, Prosecuting Attorney, and Edward E. Gibson, Deputy, for respondent.

ARMSTRONG, C. J.—This case comes to us on certiorari to review an order of the juvenile court for Pierce County. The order permanently deprives Henrietta Martin, the mother of both children, and Theodore Martin, the father of one child, of all parental rights and makes both children available for adoption. Petitioners Theodore Martin and Henrietta Martin contend that they were denied due process of law in the deprivation of parental rights hearing.

There is no provision for appeal in the juvenile court law. The orders and judgments of the juvenile court are subject to review by certiorari. In re Messmer, 52 Wn.2d 510, 326 P.2d 1004 (1958). See CAROA 57(b)(3).

On December 1, 1969 a petition was filed in juvenile court which alleged that the children were dependent because the whereabouts of their mother was unknown. At that time Mrs. Martin was known to the juvenile court as Mrs. Bearleggins. On December 2, 1969 the court entered an ex parte order making the children temporary wards of the court and placing them in foster homes. A hearing was scheduled for December 19, 1969, but it was never held because no contact had been made with the mother.

On January 6, 1970 a petition was filed alleging dependency of the children because of their mother's neglect and absence from home. This petition was entitled "Petition Dependent Children". It requested that the court inquire

into the alleged dependency of the children and make such orders as the court may deem meet and proper. Mr. Martin was not named in the petition but he was aware of it. The summons notified Mrs. Martin that the dependency petition would be heard on January 16, 1970.

Mrs. Martin testified that a caseworker explained to her that this was a dependency hearing which would probably result in the children being placed in a foster home on a temporary basis. Mr. and Mrs. Martin did not attend the hearing, nor were they represented by counsel.

At the conclusion of the hearing the court entered an order entitled "Order Making Minors Temporary Wards of Juvenile Court". In the order the court found that the children were dependent children "in that they have been neglected by their mother whose frequent absence from home and excessive drinking makes their home an unfit place for them". They were made temporary wards of the Pierce County Juvenile Court for the purpose of foster home care. After the hearing the juvenile court judge suggested that the caseworker petition the court for permanent deprivation of the children.

On February 3, 1970 the caseworker filed a petition entitled "Petition Dependent Child for Permanent Deprivation". The petition stated in part:

> Martina Reyes Martin, a temporary ward of Pierce County Juvenile Court, having been found to be a dependent child on 1-16-70. Martina is the child of Theodore and Henrietta Martin (marriage 12-16-69). That Theodore and Henrietta have been showing substantial disregard for their parental obligations by reason of extreme neglect and abandonment of Martina Reyes Martin; THEREFORE, petitioner prays that Theodore and Henrietta Martin be permanently deprived of all parental rights to Martina Reyes Martin so that the said Martina Reyes Martin may be placed for adoption.

A similar petition was filed for the other minor child with respect to Mrs. Martin's alleged neglect. Copies of the petition addressed to both Mr. and Mrs. Martin were served

upon them together with a notice and summons to appear on February 20, 1970. They appeared at the hearing with their attorney.

At the deprivation of parental rights hearing held on February 20, 1970, the deputy prosecuting attorney moved that the juvenile court take judicial notice of the testimony presented at the January 16, 1970 dependency hearing. Petitioners' counsel vigorously resisted this motion. The juvenile court judge ruled that he would consider the testimony presented at the January 16, 1970 dependency hearing, but would give the parents an opportunity to obtain a copy of the testimony and an opportunity to present evidence to refute that testimony. They were offered a continuance to accomplish this objective. Petitioners refused the continuance for the reason that taking judicial notice of the prior dependency hearing would deprive them of due process of law.

The respondent, represented by the deputy prosecuting attorney, contends that the January 16, 1970 hearing was a fact finding hearing and the February 20, 1970 hearing was a disposition hearing. The respondent cites Juvenile Court Rules 4 and 5. Additionally, the respondent maintains that juvenile court proceedings are of such a continuing nature that the facts learned in a prior dependency hearing may be considered at a later permanent deprivation hearing.

The assignments of error present two primary issues:

(1) In a dependency hearing, is the juvenile court authorized to deprive a parent of all parental rights and place children for adoption if the notice of hearing does not clearly advise the parents that permanent deprivation of parental rights will be considered?

(2) In a deprivation of parental rights hearing, is the juvenile court authorized to take judicial notice of testimony presented in a prior dependency hearing?

The juvenile court held that the petition and notice of the dependency hearing held on January 16, 1970 gave the parents sufficient notice to justify permanent deprivation of custody whether it prays for temporary or permanent dep-

rivation of parental rights if the petition alleges facts which would justify a finding of dependency and there is a notice and opportunity to be heard. The court relied upon the definition of dependent children set forth in RCW 13.04.010, and the authorization granted the juvenile court to make such orders as the child's welfare requires in RCW 13.04.095.

The question of whether the parents of minor children are entitled to specific notice that a total deprivation of parental rights is sought has not been directly presented in this jurisdiction.

Although the factual situation was not analogous, the question was partially answered in *In re Messmer, supra.* In that case the father was unable to care for his child who had been found to be a dependent ward of the court and placed in the temporary custody of Catholic Charities at a prior hearing. The father petitioned the juvenile court for a restoration of complete custody of his child. At the hearing on the father's petition, the juvenile court found that the father was unfit to have custody of the child and deprived him of all parental rights. The Supreme Court held that the father had no notice that the question of permanent deprivation would be litigated. The order of deprivation, being outside the issues tendered at the hearing, was held to have no effect.

We recognize that the *Messmer* case does not completely answer our question because the primary issue tendered the court in *Messmer* was whether the father had improved his capabilities of caring for his child sufficiently to be accorded the full and complete custody of the child. In the case at bar there was adequate notice given the mother that the question of dependency and possibly some form of temporary deprivation of custody would be determined at the hearing.

■ Citing *In re Petrie*, 40 Wn.2d 809, 246 P.2d 465 (1952), the Supreme Court held in *Messmer* that even though a child has properly been made a ward of the court, there nevertheless remains the legal relationship of parent

and child which cannot be terminated by court action without according the parent due process of law.

■ In *Petrie* the parent was denied due process of law because she did not have sufficient time to secure an attorney and prepare for the defense of the deprivation of custody action. In reviewing prior Washington cases the court stated at page 812:

> We have decided that the elements of the constitutional guaranty of due process in its procedural aspect are notice and an opportunity to be heard or defend before a competent tribunal in an orderly proceeding adapted to the nature of the case; also to have the assistance of counsel, if desired, and a reasonable time for preparation for trial.

The juvenile court rules spell out similar rights but neither the court decisions nor the rules completely answer the question of whether, in a deprivation of parental rights proceeding, a petition for dependency must clearly state that a total deprivation of parental rights is sought.

■ We hold that in a dependency proceeding in which deprivation of all parental rights will be considered by the court, constitutional due process and fair treatment require that parents receive notice of the specific issues to be considered, including a clear and concise statement that the hearing may result in deprivation of all parental rights. The parents must be clearly advised in adequate time to meet that serious issue to prevent surprise, helplessness and disadvantage. Moreover, definite allegations of the purpose of the hearing are necessary to enable the parents to determine intelligently whether to admit or contest the petition.

In the dependency hearing at bar the parents did not elect to contest the petition because they obviously did not have notice of the fact that the hearing could result in deprivation of all parental rights. In the deprivation of parental rights hearing, which took place approximately a month later, they had adequate notice of the issues and the possible consequences of the hearing. At that time they did

hire an attorney and endeavored to protect their parental rights.

█ In addition to the fact that there was not adequate notice of the issues to be faced and the total deprivation of parental rights sought, it becomes obvious from a reading of the juvenile court rules that the first hearing was not limited to a fact finding procedure. The court found the facts and made a disposition—the child was made a ward of the court and placed in a foster home. The case was not continued for a disposition hearing. The deprivation hearing held on February 20, 1970 was an independent and separate hearing. *See* JuCR 4 and 5.

We come now to the second issue presented—can the court judicially notice the testimony taken at a prior dependency hearing which was separate and distinct from the deprivation hearing?

██ The answer to this question may be found in *In re Ross*, 45 Wn.2d 654, 277 P.2d 335 (1954). The court held that in a juvenile court hearing involving deprivation of parental rights, the usual rules relative to the admissibility of evidence should be applied.

To permit the juvenile court to take judicial notice of testimony presented at the prior dependency hearing would deprive the parents of the right of cross-examination of witnesses. Furthermore, the attorney for the parents would have no opportunity to object to hearsay and other incompetent evidence, which is frequently offered in juvenile court hearings.

The respondent points to another portion of the *Ross* case in support of the position taken by the juvenile court:

> On the issue of whether a father or mother is to be permanently deprived of parental rights, the entire record of the parenthood is open to investigation and inquiry. Remote happenings are perhaps entitled to little weight, but the juvenile court is entitled to the entire story before it acts.

*In re Ross, supra,* at 657.

Reading this portion in conjunction with the requirement

of compliance with the usual rules of evidence, we believe the court meant no more than that the entire record of the parenthood may be presented to the court, but it must be by competent evidence. Witnesses must be sworn and the parents accorded the same right of cross-examination that they would have in any civil action. This interpretation is consistent with JuCR 4.4 (a):

> The rules of evidence shall be followed in the conduct of the hearing. No social file or social study shall be considered by the court in connection with the fact finding hearing.

The order of deprivation is reversed and a new hearing is granted to the petitioners.

PEARSON and PETRIE, JJ., concur.

Petition for rehearing denied November 16, 1970.