[No. 2224–3. Division Three. December 1, 1977.]

*In the Matter of the Welfare of*
DAVID M. MIRELEZ, ET AL.

*C. J. Merritt* and *Milne & Merritt,* for appellant.

*Paul A. Klasen, Prosecuting Attorney,* for respondent.

GREEN, J.—The mother of the three minor children appeals from an order of permanent deprivation. Two errors are urged: (1) the court had no jurisdiction, and (2) evidence should have been limited to events occurring after the previous deprivation hearing and order. We affirm.

In September 1972, a petition for dependency and deprivation was filed relating to David and Candy Mirelez. Following a hearing, an order of dependency was entered, making the children wards of the court and returning them to their mother. Subsequently, in January 1973, an order was entered releasing the children from wardship.

After the birth of Anthony Mirelez, a second petition was filed in October 1973, relating to all three children. After hearing, the court dismissed the petition for deprivation, but granted the petition for dependency. The children were placed in a foster home.

In November 1975, a third petition seeking deprivation was filed and, after hearing by a judge pro tempore, the

court orally denied the deprivation but declared the children dependent, and ordered that they remain in the foster home. No written findings of fact, conclusions of law, or judgment were entered on this petition.

Thereafter, on July 16, 1976, a fourth petition was filed and, after hearing before Judge Van Sickle, an order of permanent deprivation was entered from which this appeal was taken.

■ First, it is contended that until a *written* judgment or order was entered by the judge pro tempore on the third deprivation petition, no new petition could be filed giving a different judge the authority to hear the matter. We disagree.

The petition filed in July 1976 is a *new* petition. It alleges (1) the facts underlying all of the previous petitions and their disposition; and (2) serious events affecting the children, which occurred after the hearing and oral decision of the pro tempore Judge. In other words, it was a *new and different* petition and the hearing upon that petition was "an independent and separate hearing." *In re Martin,* 3 Wn. App. 405, 476 P.2d 134 (1970). It was not a continuation of the hearing before the judge pro tempore and its purpose was not to reverse his oral decision or interfere with his disposition of the prior petition. Therefore, *State ex rel. Cougill v. Sachs,* 3 Wash. 691, 29 P. 446 (1892), relied upon by the appellant is distinguishable and not controlling. In that case a different judge granted a motion to vacate a judgment entered by a judge pro tempore following his denial of a motion for new trial. The court held this was error because the pro tempore judge's authority continued until that proceeding was concluded. In the instant case, the judge pro tempore had concluded the previous petition by a final decision. That decision is unchallenged. The present petition, a new action as contrasted to a continuation of the previous petition, could properly be heard by a different judge. Consequently, Judge Van Sickle had the authority to hear and determine the last petition.

■ Second, appellant contends that the previous dependency orders collaterally estop the presentation of the same facts and issues in the current deprivation hearing. We disagree. It is clear that in a deprivation hearing, the court is not limited to hearing only those matters occurring subsequent to the previous hearing.

> On the issue of whether a father or mother is to be permanently deprived of parental rights, the entire record of the parenthood is open to investigation and inquiry.

*In re Ross,* 45 Wn.2d 654, 657, 277 P.2d 335 (1954); *see also In re Martin, supra* at 411–12.

The judgment of the trial court is affirmed.

MUNSON, C.J., and McINTURFF, J., concur.