[No. 2457–3. Division Three. August 1, 1978.]

THE STATE OF WASHINGTON, *on the Relation of William Tonasket, Appellant,* v. WILLIAM COTTRELL, *Respondent.*

*Stephen L. Palmberg,* for appellant.

*Nansen, Price & Howe* and *Michael Howe,* for respondent.

MUNSON, C.J.—William Tonasket appeals from a denial of a writ of mandamus through which he sought to disqualify the City of Omak Police Court Judge and to reverse his subsequent conviction on the grounds that the judge did not have jurisdiction after an affidavit of prejudice had

been filed. We disagree and affirm. There is no provision at this time requiring a police court judge in a third–class city with a population under 5,000[1] to disqualify himself upon the filing of an affidavit of prejudice.

Tonasket was arrested for a violation of a city ordinance. He appeared before the Omak City Police Court Judge and timely filed an affidavit of prejudice and motion for a change of venue. The judge refused to acknowledge the affidavit or grant the motion; the defendant then applied to the Superior Court for a writ of mandamus seeking to compel the judge to disqualify himself. The writ was denied. Subsequently, Tonasket was tried, convicted and sentenced by the judge he sought to disqualify.

In 1967, the legislature adopted a provision pertaining to third–class cities which permits a party a change of venue from a police judge to a judge pro tempore "in accordance with the provisions of RCW 3.20.100[2] and RCW 3.20.110." Appellant relies on these provisions as his basis for contending that the Omak Police Court Judge was required to disqualify himself. However, the legislature limited the change of venue provision of the 1967 act to apply only to those cities in which the law *requires* the judge to be a qualified attorney. Laws of 1967, ch. 241, § 10, p. 1331. (See footnote following RCW 3.66.090.) Cities of the third class with a population under 5,000 are not

---

[1]RCW 35.01.030: "A third class city is one having at least fifteen hundred inhabitants at the time of its organization or reorganization." This is an admitted fact by all parties. The State of Washington Pocket Data Book (1977) published by the Office of Financial Management lists the 1977 population of the City of Omak at 4,126.

[2]RCW 3.20.100:

"If, previous to the commencement of any trial before a justice of the peace, the defendant, his attorney or agent, shall make and file with the justice an affidavit . . . it shall be the duty of the justice to forthwith transmit all papers and documents . . . to the next nearest justice of the peace in the same county, . . ."

required to have a qualified attorney serving as a police judge. RCW 35.24.450.[3] Thus, the provisions relied upon by appellant in RCW 3.20.100 and JCrR 8.01[4] requiring a police judge's disqualification are inapplicable to the Omak Police Judge.

While Okanogan County has adopted the 1961 justice court act, codified as RCW 3.30–3.74, the City of Omak, pursuant to RCW 3.50.470, has elected to continue under existing statutes relating to police courts and municipal courts. They have declined to establish a municipal department within the justice or district court as authorized by RCW 3.46. This fact is acknowledged by both parties. This issue is discussed solely because respondent contends that the section of the justice court act which denies defendant a change of venue and the filing of an affidavit of prejudice is applicable. RCW 3.50.280.[5] However, this section refers only to those cities which have adopted a municipal department and is therefore not pertinent here.

Because the City of Omak is a third–class city under 5,000 and therefore not required to have a qualified attorney as police judge, there are presently no provisions available for the filing of an affidavit of prejudice or a change of venue.[6] Thus, the Omak Police Judge was not required to

---

[3]RCW 35.24.450: "*Provided,* That in cities of the third class having a population under five thousand the legislative authority of the city may provide that the mayor may appoint any person, without regard to whether he is a justice of the peace or attorney, to the office of police judge."

[4]JCrR 8.01(a):
"In any case pending in any court of limited jurisdiction, *unless otherwise provided by law,* the judge thereof shall be deemed disqualified . . . if . . . a party or his attorney . . . files an affidavit that such party cannot have a fair and impartial trial . . ." (Italics ours.)

[5]RCW 3.50.280: "No change of venue shall be taken from the municipal court, and the defendant shall not be entitled to file an affidavit of prejudice against any judge of the municipal court."

[6]While it may not be of much satisfaction to Mr. Tonasket, the Washington

disqualify himself and did have jurisdiction over the defendant.

Judgment affirmed.

McINTURFF and ROE, JJ., concur.

Reconsideration denied October 13, 1978.

Review granted by Supreme Court February 2, 1979.

State Judicial Council has under consideration some new proposed rules of criminal procedure for justice courts, exclusive of traffic offenses; proposed section 5.03 will authorize an affidavit of prejudice against any judge of any court.