[No. 45867.   En Banc.   September 20, 1979.]

THE STATE OF WASHINGTON, *on the Relation of William Tonasket, Petitioner,* v. WILLIAM COTTRELL, *Respondent.*

*Stephen L. Palmberg,* for petitioner.

*Nansen, Price & Howe* and *Michael Howe,* for respondent.

UTTER, C.J.—The sole question presented here is whether a police judge in a town of the third class is required to disqualify himself from further proceedings in a criminal case when an affidavit of prejudice has been timely filed by the defendant.

Petitioner, William Tonasket, was arrested for violating certain Omak city ordinances and charged by citation in the City of Omak Police Court. Tonasket appeared through his attorney before respondent William Cottrell, a police judge for the City of Omak, and filed a formal affidavit of prejudice and motion for a change of venue. Respondent refused to disqualify himself and denied the change of venue motion. Petitioner then applied to the Superior Court for Okanogan County for a writ of mandamus seeking to compel respondent to disqualify himself from further proceedings in the case. The application for the writ was denied and petitioner was tried, convicted and sentenced by respondent. The trial court and the Court of Appeals upheld the action of Cottrell, holding disqualification under such circumstances was not required. *State ex rel. Tonasket v. Cottrell,* 20 Wn. App. 873, 582 P.2d 908 (1978). We reverse.

■ This court promulgated JCrR 8.01 establishing the procedures for filing affidavits of prejudice and indicating those circumstances where such procedures are available.

(a) **Disqualification.** In any case pending in any court of limited jurisdiction, *unless otherwise provided by law,* the judge thereof shall be deemed disqualified to hear and try the case when he is in anywise interested or

prejudiced. The judge, of his own initiative, may enter an order disqualifying himself; and he shall also disqualify himself under the provisions of this rule if, before the jury is sworn or the trial is commenced, a party or his attorney of record files an affidavit that such party cannot have a fair and impartial trial by reason of the interest or prejudice of the judge or for other ground provided by law.

(Italics ours.) Petitioner timely filed an affidavit of prejudice and thus the sole question before us is whether it has been "otherwise provided by law" that a police court judge of a third class city shall not be subject to the requirement of JCrR 8.01.

The Court of Appeals held " [t]here is no provision . . . requiring a police court judge in a third–class city with a population under 5,000 to disqualify himself upon the filing of an affidavit of prejudice." (Footnote omitted.) *State ex rel. Tonasket v. Cottrell, supra* at 874. In so holding, the court relied upon a legislative provision enacted in 1967. Laws of 1967, ch. 241, § 10 (uncodified but found as a note following RCW 3.66.090). In that year, the legislature amended RCW 3.66.090 to allow a change of venue when an affidavit of prejudice is filed against a judge of a municipal court. The uncodified section following that statute states, "The provisions of this 1967 amendatory act shall apply only to those cities as to which the law requires that the judge be a qualified attorney." Since third class cities with populations under 5,000 are not required to have a qualified attorney sitting as a police judge, the Court of Appeals held the requirements of JCrR 8.01 inapplicable. RCW 35.24.450; *Young v. Konz,* 91 Wn.2d 532, 588 P.2d 1360 (1979).

The question, however, is not whether it is otherwise provided by law that a defendant shall have a right to file an affidavit of prejudice under the circumstances presented here. Rather, the proper question is whether it is otherwise provided by law that a defendant shall be denied the right to file such an affidavit created by JCrR 8.01. The effect of

the uncodified limitation on the 1967 amendment is to narrow the scope of a *legislatively created right*. By so doing, we believe the legislature denied to parties appearing before nonattorney judges a *statutory* right to file an affidavit of prejudice. However, in absence of a clear legislative intent to do so, we are unwilling to interpret the legislature's decision to limit this statutory right as similarly limiting the scope of this court's independent rule.

Our narrow reading of the uncodified section is buttressed by the fact that, where the legislature has intended to deny all rights to a change of venue, it has clearly done so. RCW 3.50.280.[1] The difference between the language employed in RCW 3.50.280 and that employed in Laws of 1967, ch. 241, § 10 supports interpreting the latter as limiting only those statutory rights created by the 1967 amendments. The legislative history of chapter 241, section 10 does not suggest either expressly or impliedly that the section was intended to have any broader effect.

There being no provision of law to the contrary, we hold JCrR 8.01 controls the instant case. The defendant having timely filed an affidavit of prejudice, respondent was required to disqualify himself from trying the case.

The Court of Appeals is reversed and the cause remanded for a new trial.

ROSELLINI, WRIGHT, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., and HAMILTON, J. Pro Tem., concur.

---

[1]RCW 3.50.280, which applies to cities with a population of 20,000 or less that have created municipal departments by ordinance, provides in pertinent part: "No change of venue shall be taken from the municipal court, and the defendant shall not be entitled to file an affidavit of prejudice against any judge of the municipal court."