[No. 4191–3–III.   Division Three.   January 21, 1982.]

SANDRA LEE HALSTED, *Respondent,* v. DONALD EUGENE SALLEE, *Appellant.*

*Steven M. Clem,* for appellant.

*Michael E. Gillespie,* for respondent.

ROE, J.—Donald and Sandra Sallee were divorced on February 6, 1973. Custody of the two minor children was awarded to the mother. She has since remarried and her name is now Halsted. On June 14, 1979, she filed a petition for modification of visitation rights, asking that visitation be restricted to supervised telephone calls once per week and "such other and additional supervised visitation as should seem reasonable to petitioner herein." This was based on her affidavit which stated, among other things, that Mr. Sallee had suffered mental illness, and had had a confrontation with local police. After an order to show cause was issued, an additional motion to modify was filed on July 12, 1979. This asked that the modification "should restrict all visitation and contact between respondent and the minor children pending the out come [*sic*] of Mental Health report ordered on said date by the court."

Despite the fact there was no petition as provided by RCW 13.34 to terminate all parental rights, the trial court nevertheless did. On November 26, 1979, the trial court not only enjoined Mr. Sallee from personal contacts of any nature with any of the Halsted family, including his two minor children, it also enjoined him from traveling north of the city of Omak, Washington, during the pendency of the case. Then, on September 12, 1980, the court entered the

following order:

> IT IS HEREBY ORDERED that Donald Eugene Sallee is divested of all legal rights,. powers, privileges, immunities, duties and obligations provided by law in and to Danny Sallee and Debbie Sallee.
>
> IT IS FURTHER ORDERED, ADJUDGED and DECREED that respondent, Donald Sallee, shall not communicate or contact the minor children, Danny Sallee or Debbie Sallee, in any manner whatsoever, including without limitation, phone calls, letters, or gifts; and
>
> IT IS FURTHER ORDERED, ADJUDGED and DECREED that respondent, Donald Sallee shall not travel in Okanogan County, Washington north of the town of Omak until further order of this court.

We are confronted with the termination of parental rights without due notice; we also must consider the reasonableness of the order prohibiting Mr. Sallee from traveling north of Omak. A parent's right to control and to have the custody of his children is a fundamental civil right which may not be interfered with without the complete protection of due process safeguards. *Stanley v. Illinois,* 405 U.S. 645, 31 L. Ed. 2d 551, 92 S. Ct. 1208 (1972); *In re Luscier,* 84 Wn.2d 135, 524 P.2d 906 (1974). The specific requirements of due process were spelled out in *In re Martin,* 3 Wn. App. 405, 410, 476 P.2d 134 (1970):

> We hold that in a dependency proceeding in which deprivation of all parental rights will be considered by the court, constitutional due process and fair treatment require that parents receive notice of the specific issues to be considered, including a clear and concise statement that the hearing may result in deprivation of all parental rights. The parents must be clearly advised in adequate time to meet that serious issue to prevent surprise, helplessness and disadvantage. Moreover, definite allegations of the purpose of the hearing are necessary to enable the parents to determine intelligently whether to admit or contest the petition.

■ The applicable statutory provisions for termination of a parent and child relationship under RCW 13.34 set out an elaborate scheme for providing all parties with notice and an opportunity to be heard. RCW 13.34.090 specifies

particular procedural rights to be accorded the parties throughout all phases of the proceedings. RCW 13.34.100 requires the court to hold a fact–finding hearing on the petition. RCW 13.34.120 requires a social study and predisposition study be submitted to the court. Finally, RCW 13.34.190 provides the court *may* enter an order terminating all parental rights *if* it finds that the allegations contained in the petition as provided in RCW 13.34.180(1)–(6) are established by clear, cogent and convincing evidence. Such allegations are:

(1) That the child has been found to be a dependent child under RCW 13.34.030(2); and

(2) That the court has entered a dispositional order pursuant to RCW 13.34.130; and

(3) That the child has been removed or will, at the time of the hearing, have been removed from the custody of the parent for a period of at least six months pursuant to a finding of dependency under RCW 13.34.030(2); and

(4) That the services ordered under RCW 13.34.130 have been offered or provided and all necessary services, reasonably available, capable of correcting the parental deficiencies within the foreseeable future have been offered or provided; and

(5) That there is little likelihood that conditions will be remedied so that the child can be returned to the parent in the near future; and

(6) That continuation of the parent and child relationship clearly diminishes the child's prospects for early integration into a stable and permanent home;

Here, the requirements for termination of parental rights were not followed.

■■ Next, we consider the constitutionality of the order restricting Mr. Sallee's travel. The right to travel is a fundamental right protected by the equal ʼprotection clause of the Fourteenth Amendment. *Dunn v. Blumstein,* 405 U.S. 330, 31 L. Ed. 2d 274, 92 S. Ct. 995 (1972); *Eggert v. Seattle,* 81 Wn.2d 840, 505 P.2d 801 (1973). Where fundamental rights are involved, regulations limiting these rights may be justified only by a compelling state interest. *Roe v. Wade,* 410 U.S. 113, 35 L. Ed. 2d 147, 93 S. Ct. 705 (1973);

*Shapiro v. Thompson,* 394 U.S. 618, 22 L. Ed. 2d 600, 89 S. Ct. 1322 (1969). Here, the State has an interest in protecting Mr. Sallee's children. However, the injunction against travel north of Omak is unnecessarily broad. An order enjoining communication or contact between Mr. Sallee and his children would have provided sufficient protection without unduly restricting Mr. Sallee's right to travel. There was no compelling state interest in so restricting Mr. Sallee's right to travel as the situation could have been handled in a number of other ways. In addition, Mr. Sallee did not receive prior notice that the court was considering such action. Procedural due process demands that a deprivation of life, liberty or property be preceded by notice and opportunity for hearing appropriate to the nature of the case. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 313, 94 L. Ed. 865, 70 S. Ct. 652 (1950); *Olympic Forest Prods., Inc. v. Chaussee Corp.,* 82 Wn.2d 418, 511 P.2d 1002 (1973). Moreover, this opportunity must be granted at a meaningful time and in a meaningful manner. *Armstrong v. Manzo,* 380 U.S. 545, 552, 14 L. Ed. 2d 62, 85 S. Ct. 1187 (1965); *Olympic Forest Prods., Inc. v. Chaussee Corp., supra.* An order based on a hearing in which there was not adequate notice or opportunity to be heard is void. *Esmieu v. Schrag,* 88 Wn.2d 490, 497, 563 P.2d 203 (1977).

We affirm the order limiting communication and contact with the minor children as within the discretion of the trial court. We reverse, however, as unreasonable the restriction on travel north of Omak as it is an unconstitutional prohibition upon whatever other reason Mr. Sallee may have to travel in Okanogan County, Washington which is unrelated to his ex–wife and children. We reverse the order terminating parental rights.

MᶜINTURFF, C.J., and GREEN, J., concur.