[No. 7116-9-II.   Division Two.   February 6, 1984.]

*In the Matter of the Welfare of*
DENISE MCGEE.

*Joe Quaintance,* for appellant.

*Terrence F. McCarthy,* for respondent.

WORSWICK, J.—Joan Arnold appeals a Pierce County Juvenile Court order terminating her parental rights as the mother of Denise McGee. RCW 13.34.180 *et seq.* We affirm.

Ms. Arnold's attempt, by affidavit of prejudice, to disqualify the court commissioner who heard the case was rejected because of Pierce County Local Rule 12(d), adopted pursuant to CR 83. It provides:

> Affidavits of prejudice with reference to court commissioners will not be recognized, the remedy of a party being a motion for revision under RCW 2.24.050.

Ms. Arnold contends the rule is invalid because it violates her rights to equal protection and a fair hearing. We disagree, and hold the rule valid.

There is no constitutional right to the peremptory removal of a judge.[1] *See State v. Bolton,* 23 Wn. App. 708, 598 P.2d 734 (1979). The right is statutory, and the relief is limited to what the statute confers. Whether there is such a right in any given circumstance is to be determined by examining the statute and related court rules. *See State ex rel. Tonasket v. Cottrell,* 92 Wn.2d 606, 599 P.2d 1295 (1979).

RCW 4.12.040[2] provides only for disqualification of judges. Had the Legislature intended to include commissioners, it would have done so specifically, as it has in other

---

[1]That is the nature of the disqualification provided for in RCW 4.12.040. Ms. Arnold, herself, asserts that no actual prejudice need be shown; all that is required is an allegation that the party cannot, or believes he cannot, receive a fair trial. *State v. Dixon,* 74 Wn.2d 700, 702, 446 P.2d 329 (1968).

[2]RCW 4.12.040 provides, in part:

"No judge of a superior court of the state of Washington shall sit to hear or try any action or proceeding when it shall be established as hereinafter provided that said judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause."

RCW 4.12.050 provides, in part:

"Affidavit of prejudice. Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: . . ."

instances.[3] It created an alternative remedy instead, providing under RCW 2.24.050 for a revision hearing before a judge as a matter of right. There is no reason to assume that a revision hearing would not afford an adequate remedy. Although RCW 2.24.050 speaks only of a hearing on the record, the court nevertheless has full jurisdiction over the case and its power of review is essentially unlimited. It may conduct whatever proceedings it deems necessary to resolve the matter. *In re Smith,* 8 Wn. App. 285, 505 P.2d 1295 (1973). Because Ms. Arnold appealed the commissioner's decision to this court and did not seek a revision hearing, her contention that the revision remedy is ineffective is unpersuasive speculation. We see no reason to declare invalid a local rule which the superior court judges obviously consider necessary to the orderly discharge of their responsibilities.

Ms. Arnold next contends that the commissioner erred during the hearing by conducting an interview with Denise in chambers from which she and her attorney were excluded. We agree this was improper.

Apparently the commissioner felt he had authority to conduct the interview by reason of RCW 26.09.210, which provides, in part:

> Interview with child by court . . . The court may interview the child in chambers to ascertain the child's wishes as to his custodian and as to visitation privileges. The court may permit counsel to be present at the interview. The court shall cause a record of the interview to be made and to be made part of the record in the case.

He was mistaken. This statute deals only with custody and

---

[3]*See, e.g.,* RCW 4.80.020–.040, which pertain to the propriety and manner of taking exceptions in various circumstances; RCW 5.56.010, regarding compelling the attendance of witnesses; and RCW 13.04.021, which refers to the powers of judges and commissioners in juvenile court. It should also be noted that recognition of such affidavits against commissioners might result in the ability of a party to disqualify two judicial officers in a single action, a right specifically denied by RCW 4.12.050. Such a situation might arise where a party disqualifies one commissioner by affidavit, has his case heard by another commissioner, requests a revision hearing, and then disqualifies the judge.

visitation issues in a dissolution proceeding. RCW Title 13, which governs termination proceedings, contains no such provision. This undoubtedly is so because in these cases it is essential that all of the evidence be presented in open court, subject to cross examination and to refutation by other evidence. *In re Moseley,* 34 Wn. App. 179, 184, 660 P.2d 315 (1983); *In re Akers,* 22 Wn. App. 749, 592 P.2d 647 (1979), *overruled on other grounds in In re Hall,* 99 Wn.2d 842, 664 P.2d 1245 (1983). Although the interests of the child are of paramount concern, the parents have a cognizable and substantial interest in the child which is constitutionally protected, and there must be proper regard for their due process rights. *Stanley v. Illinois,* 405 U.S. 645, 31 L. Ed. 2d 551, 92 S. Ct. 1208 (1972); *Halsted v. Sallee,* 31 Wn. App. 193, 639 P.2d 877 (1982).

■ However, the error was not prejudicial and error without prejudice is no basis for reversal. *Thomas v. French,* 99 Wn.2d 95, 659 P.2d 1097 (1983). The interview produced nothing more than confirmation that Denise wished to remain in Tacoma with the Smiths. This was cumulative; Ms. Arnold acknowledged as much in her testimony.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

PETRICH, C.J., and PETRIE, J., concur.

Reconsideration denied February 27, 1984.

Review denied by Supreme Court May 24, 1984.