# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ANGELA MICHELLE WRIGHT, | ) | NO. 69314-0-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| RYAN MICHAEL OLNEY, | ) | |
| | ) | |
| Respondent. | ) | FILED: September 16, 2013 |
| | ) | |

LEACH, C.J. — Angela Wright appeals the trial court's denial of a one-year domestic violence protection order to protect her infant son, B.W., from the child's father, Ryan Olney. At Wright's request, the trial court entered a five-year order protecting Wright and her daughter from a previous relationship. However, the court found no evidence to support including B.W. in the order. A temporary parenting plan, entered while this appeal was pending, gave Olney unrestricted visitation with B.W. This plan makes Wright's appeal moot, and we dismiss it.

## FACTS

This case involves a series of domestic violence incidents between Angela Wright and Ryan Olney during their intermittent relationship. Wright has a daughter from a previous relationship. In December 2010, based on Wright's allegations of domestic violence against both her and her daughter, a court

entered a one-year domestic violence protection order (DVPO) restraining Olney from contacting either Wright or Wright's daughter.

By April 2011, Wright and Olney had reunited and were expecting a child together. The court terminated the DVPO at both parties' request. Their son, B.W., was born on June 17, 2011. Olney attended his son's birth while carrying a loaded handgun and a knife. Hospital personnel asked him to remove those weapons from the premises.

Wright alleges that Olney was intoxicated and became violent while at the hospital, causing her to enlist hospital security to make him leave her room. On June 24, Wright filed a second DVPO petition based mostly on the events at the hospital. The court did not find sufficient evidence to issue a full protection order. In November 2011, Wright filed her third DVPO petition, alleging that Olney sent her threatening text messages, tampered with her vehicle, and was arrested outside her apartment while carrying a gun. The court issued a temporary order;[1] however, it denied her a full order on February 29, 2012, finding insufficient evidence of domestic violence. The same day, Olney filed a parentage action to determine paternity and establish a parenting plan for B.W.

---

[1] It appears this order was extended repeatedly until the full order hearing was held in February 2012, although no documentation of any extension is in the record.

In June 2012, while the parentage action was pending, a court found Olney guilty of violating the temporary orders. As part of his sentence, the court entered a five-year criminal no-contact order prohibiting Olney from contacting Wright and requiring him to stay 150 feet from her residence, school, and workplace at all times. The no-contact order did not protect either child.

The same day, Wright filed the DVPO petition at issue, seeking protection for her and both children, based on a fear of imminent harm and the past incidents of domestic violence. The court entered a temporary order, but after a hearing on July 27, the court dismissed Wright's petition, noting that no new incidents of domestic violence had occurred since the court dismissed the last DVPO. Wright filed a motion to revise. The court found that she had proved by a preponderance of the evidence a fear of imminent harm for herself. It granted a five-year order protecting Wright. The court affirmed the commissioner's ruling that Wright had not proved any risk to the children, but it decided to include Wright's daughter in the order as well, reasoning that Olney had no legal rights to see her anyway. The court declined to enter any order prohibiting Olney from seeing B.W. Wright appeals.

STANDARD OF REVIEW

We review the decision to grant or deny a protection order for abuse of discretion.[2] "The actions of a superior court commissioner are subject to revision by a superior court judge."[3] The revision court has full jurisdiction over the case and is authorized to determine its own facts based on the record before the commissioner.[4] On appeal, we review the superior court's decision, not the commissioner's.[5]

DISCUSSION

The only issue on appeal is whether the trial court erred by denying Wright's petition for a one-year protection order for B.W. The Domestic Violence Prevention Act (DVPA), chapter 26.50 RCW, provides that

> [o]n the same basis as is provided in chapter 26.09 RCW, the court shall make residential provision with regard to minor children of the parties. However, parenting plans as specified in chapter 26.09 RCW shall not be required under this chapter.[6]

---

[2] In re Marriage of Stewart, 133 Wn. App. 545, 550, 137 P.3d 25 (2006).
[3] State v. Lown, 116 Wn. App. 402, 407, 66 P.3d 660 (2003).
[4] In re Dependency of B.S.S., 56 Wn. App. 169, 171, 782 P.2d 1100 (1989); In re Welfare of McGee, 36 Wn. App. 660, 662, 679 P.2d 933 (1984); In re Welfare of Smith, 8 Wn. App. 285, 288-89, 505 P.2d 1295 (1973).
[5] State v. Ramer, 151 Wn.2d 106, 113, 86 P.3d 132 (2004).
[6] RCW 26.50.060(1)(a).

-4-

The DVPA also states that "[i]f a protection order restrains the respondent from contacting the respondent's minor children[,] the restraint shall be for a fixed period not to exceed one year."[7]

As a threshold consideration, Olney argues that the court's entry of a temporary parenting plan, which occurred after Wright filed her appeal, renders this appeal moot. He also requests that the panel consider evidence outside the record for the purpose of determining mootness. In an appendix to his brief, Olney provides three of the trial court's orders in the parentage action to illustrate why the appeal of the protection order is moot. He asks to supplement the record so this court may consider these orders when deciding his mootness claim.

RAP 9.10 allows a party to supplement the appellate record if the initial record is not sufficiently complete to permit a decision on the merits of the issues presented for review. The trial court entered these orders after Wright filed her appeal. Without them in the record, we cannot determine if they moot this appeal. Therefore, we grant Olney's motion to supplement the record.

A case is moot if it involves only purely academic or abstract propositions, if the substantial questions presented to the trial court have ceased to exist, or if

---

[7] RCW 26.50.060(2).

a court cannot provide effective relief.[8] As reflected in the trial court's November 29, 2012, orders, Wright agreed to visitation between Olney and B.W. Olney contends that the case is also moot because the DVPO would have already expired, while Wright asks the court to grant an order presently restricting Olney's contact with B.W. We agree with Olney that we cannot grant effective relief here. The unchallenged November 29, 2012, orders resolve the issue of contact between Olney and B.W. Because we cannot offer effective relief, Wright's appeal is moot.

Generally, we will dismiss a moot appeal unless the case presents issues of continuing and substantial public interest.[9] In deciding whether to consider an otherwise moot appeal,

> "[t]hree factors in particular are determinative: (1) whether the issue is of a public or private nature; (2) whether an authoritative determination is desirable to provide future guidance to public officers; and (3) whether the issue is likely to recur. A fourth factor may also play a role: the level of genuine adverseness and the quality of advocacy of the issues. . . . Lastly, the court may consider the likelihood that the issue will escape review because the facts of the controversy are short-lived."[10]

---

[8] Spokane Research & Def. Fund v. City of Spokane, 155 Wn.2d 89, 99, 117 P.3d 1117 (2005); State v. Turner, 98 Wn.2d 731, 733, 658 P.2d 658 (1983).

[9] West v. Reed, 170 Wn.2d 680, 682, 246 P.3d 548 (2010), cert. denied, 132 S. Ct. 423 (2011).

[10] In re Marriage of Horner, 151 Wn.2d 884, 892, 93 P.3d 124 (2004) (alteration in original) (citations omitted) (internal quotation marks omitted) (quoting Westerman v. Cary, 125 Wn.2d 277, 286, 892 P.2d 1067 (1994)).

Wright contends that even if the appeal is technically moot, we should address the issue as a matter of statutory interpretation. She argues that RCW 26.50.060 requires the court to make residential provisions for children when issuing a protection order between parents. We disagree. Wright's attempt to frame the issue in statutory terms does not create an issue of public interest that justifies our ruling on an otherwise moot case.

RCW 26.50.060(1)(d) does not mandate residential provisions as part of every protection order between parties who have children in common. Despite Wright's attempt to frame this as an issue of two competing interpretations of the statute, the court applied the plain language of the law here. Because Wright fails to demonstrate any ambiguity in the statute requiring judicial interpretation and because the dispute itself is of a private nature, we decline to review the moot appeal.

Wright requests attorney fees under RAP 18.1 and RCW 26.50.060(1)(g) to "reimburse the petitioner for costs incurred in bringing the action, including reasonable attorneys' fees." The court may award attorney fees when authorized by a contract, statute, or recognized ground in equity.[11] Because Wright is not the prevailing party in this appeal, we deny her fee request.

---

[11] Mellor v. Chamberlin, 100 Wn.2d 643, 649, 673 P.2d 610 (1983).

## CONCLUSION

Because we cannot order effective relief in this case, the appeal is moot. As the case does not involve issues of substantial public interest, we decline to address it further.

_Leach, C.J._

WE CONCUR: