[No. 12194.  Department Two.  December 30, 1914.]

VERNA L. COOPER, *Respondent*, v. WILLIAM COOPER,
*Appellant.*[1]

JUDGMENT—VACATION—"PROCEEDINGS"—TRIAL—CHANGE OF VENUE
—BIAS OF JUDGE.  Under Rem. & Bal. Code, §§ 467, 468, providing
that proceedings to vacate or modify a judgment for fraud in ob-
taining it shall be by verified petition, with process, pleadings and
issues made up in the same way as in an original action, an appli-
cation to modify a judgment is a new and independent proceeding
within the purview of 3 Rem. & Bal. Code, §§ 209-1, 209-2, providing
for a change of judges for bias in any action or "proceeding."

VENUE—CHANGE—BIAS OF JUDGE—TIME FOR APPLICATION.  A mo-
tion for a change of judges on account of bias of the judge is timely,
where it was made as soon as the cause had been assigned under
the rules of court by the presiding judge to a judge of a particular
department for trial, although it had been previously assigned for
trial on a day certain without designating any department or judge.

DIVORCE—DECREE—MODIFICATION — JURISDICTION.  In divorce, the
jurisdiction is continuing, especially where the interests of children
are concerned, and the decree may be modified without the neces-
sity for new process.

Appeal from an order of the superior court for King
county, Humphries, J., entered April 4, 1914, dismissing a
petition to vacate a decree of divorce, on the ground of the
insufficiency of the petition.  Reversed.

*Walter S. Fulton, Charles F. Riddell,* and *Edwin C. Ewing,*
for appellant.

*Paul B. Phillips,* for respondent.

ELLIS, J.—This is an appeal from an order dismissing a
petition to vacate a decree of divorce.  The original action
was commenced in the superior court of King county on
April 28, 1913, by the respondent here, as plaintiff, against
the appellant here as defendant.  The issues were made up,
and the cause was finally called for trial July 3, 1913.  It

[1]Reported in 145 Pac. 66.

was tried before Honorable John E. Humphries, one of the judges of the superior court of King county, who entered a decree granting an absolute divorce to the plaintiff in the original action, respondent here, awarding her the care and custody of the two minor children, giving her as her sole and separate property certain real estate, including the home and furniture belonging to the parties, and ordering the defendant in that action, appellant here, to pay to the plaintiff for the support of herself and the children the sum of $35 a month.

On August 7, 1913, the defendant in that action, appellant here, began a proceeding by petition under chap. 17, §§ 464 to 473, inclusive, of Rem. & Bal. Code (P. C. 81 §§ 1163-1175), for the vacation of the decree of divorce on the ground of fraud practiced by the successful party in obtaining it. This proceeding was commenced by service of a copy of the petition and service of notice in the nature of a summons, as required by the provisions of the above mentioned statute, and the filing of the petition. In order to avoid confusion, the parties will be designated as appellant and respondent. The case was noticed for assignment for trial, noted in the usual manner, and came on regularly to be set for trial on a day certain, on February 7, 1914. During the interval since the filing of this petition, the rules of the superior court of King county were so changed as to provide for a presiding judge whose duty it was, among other things, to assign each day all cases set for trial to the various departments of the court. The judge of department 1, Honorable A. W. Frater, was presiding judge; and on February 7, 1914, when this case was called, he set it for trial on February 26, 1914, but did not, so far as the record shows, assign it to any department or judge. On February 27, 1914, the case was called and assigned to department No. 4, Honorable John E. Humphries, judge, for trial. Immediately upon this assignment for trial, the appellant filed in department No. 1, the department of the presiding judge, his mo-

tion and affidavit for a change of judge for prejudice, under the act of 1911, 3 Rem. & Bal. Code, § 209-1. The motion came on for hearing on March 2, 1914, and on that date, after argument, was overruled by the presiding judge and a formal order to that effect was entered under date of March 3, 1914. The trial upon the appellant's petition was then had in department No. 4, before Judge Humphries, who ruled that the petition stated no facts sufficient to invoke any relief and dismissed the proceeding. This appeal followed.

Three questions are discussed in the briefs. (1) Was the proceeding by petition to vacate the decree of divorce a proceeding within the contemplation of the statute providing for a change of judge for prejudice? (2) If so, was the application for the change made in time? (3) Did the petition, in any event, state sufficient grounds to entitle the appellant to any relief?

It is obvious that, if the first two questions be answered in the affirmative, it will be neither necessary nor proper for us to consider the third question. That is a matter which can only come to us by an appeal from the decision of a qualified trial court. This is not a court of first instance.

The act under which this proceeding was instituted, taken as a whole, contemplates two distinct forms of procedure. Section 466 clearly contemplates an application for relief against the judgment attacked, for certain causes therein enumerated. That proceeding is by motion. No specific form of notice is mentioned. The proceeding here was not taken under that section. The pertinent provisions under which this proceeding was instituted (quoting Rem. & Bal. Code by section number), are as follows:

"§ 464. The superior court in which a judgment has been rendered, or by which or the judge of which a final order has been made, shall have power, after the term (time) at which such judgment or order was made, to vacate or modify such judgment or order: . . .

"4. For fraud practiced by the successful party in obtaining the judgment or order; . . ."

"§ 467. The proceedings to obtain the benefit of sub-divisions  .  .  .  four,  .  .  .  of section 464 shall be by petition verified by affidavit, setting forth the judgment or order, the facts or errors constituting a cause to vacate or modify it, and if the party is a defendant, the facts consti-ating a defense to the action;  .  .  ."

"§ 468. In such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service and mode of return, and the pleadings shall be governed by the same principles, and issues be made up by the same form, and all the proceedings conducted in the same way, as near as can be, as in original action by ordi-nary proceedings, except that the facts stated in the petition shall be deemed denied without answer, and defendant shall introduce no new cause, and the cause of the petition shall alone be tried." (P. C. 81 §§ 1163, 1169, 1171.)

It will be noted that this proceeding by petition is, in its nature, a new and independent proceeding, in which the ad-verse party is brought into court as upon original process by service of a notice in the nature of a summons as in an original action. Clearly this proceeding by petition is in-tended as a statutory substitute for a bill in equity to set aside a judgment for certain causes, if brought within the year after its rendition. For every practical purpose, such a proceeding is, in its nature, a new and independent pro-ceeding involving issues and requiring evidence which may be wholly independent of the issues and evidence in the orig-inal action. In the case of *Roberts v. Shelton Southwestern R. Co.*, 21 Wash. 427, 58 Pac. 576, in discussing the nature of this proceeding, after reciting the statutory provisions, this court said:

"This chapter of the statute, taken as a whole, plainly imports that the petitioner in proceedings of this character is deemed the plaintiff and the adverse party the defendant. In other words, the proceeding to vacate or modify a judg-ment is in the nature of an independent action."

It seems to us that a proceeding which is instituted with all the formality of an original action and conducted through-

out in the same manner as an original action and in which
the parties, regardless of their designation in the original
action, occupy the relation of plaintiff and defendant ac-
cording to the issues presented by the petition, and in which
those issues may take all the range of an independent bill in
equity for relief against a judgment, is, in its very nature,
a new proceeding, and hence falls within the purview of the
act of 1911 relating to the disqualification of judges of the
superior court, for prejudice.    That act, so far as here
material, 3 Rem. & Bal. Code, §§ 209-1, 209-2, is as follows:

"No judge of a superior court of the state of Washington
shall sit to hear or try any action or proceeding when it
shall be established, as hereinafter provided, that such judge
is prejudiced against any party or attorney, or the interest
of any party or attorney appearing in such cause.   In such
case the presiding judge shall forthwith transfer the action
to another department of the same court, or call in a judge
from some other court, or apply to the governor to send a
judge, to try the case;  . . ."

"Any party to or any attorney appearing in any action
or proceeding in a superior court, may establish such prej-
udice by motion supported by affidavit that the judge before
whom the action is pending is prejudiced against such party
or attorney, so that such party or attorney cannot, or be-
lieves that he cannot, have a fair and impartial trial before
such judge:  . . ."

It is a universal rule of statutory construction that a stat-
ute will be construed so as to give effect to all of the words
used therein unless such a construction would produce a
manifest absurdity.   The use of the words, "any action or
proceeding" in both of the above quoted sections indicates
the clear intention on the part of the legislature that, by
timely motion and affidavit, a litigant shall be entitled to a
change of judge for prejudice not only in an original action,
but in any proceeding in the nature of an action.   Any other
view would convict the legislature without reason, of using
the word "proceeding" to no purpose.   The respondent
urges that this statute should be liberally construed in favor

of jurisdiction as in case of the statute touching venue, citing *Carr v. Remele*, 74 Wash. 380, 133 Pac. 593. The rule there announced, though a wholesome one when soundly applied, would not warrant the judicial repeal of the statute here in question nor the cancellation of any of its terms. Our recent decision in *State ex rel. Russell v. Superior Court*, 77 Wash. 631, 138 Pac. 291, is clear authority for the view that any proceeding commenced by new and independent process, though arising out of and connected with another action, is a proceeding within the meaning of the act of 1911.

We are also clearly of the opinion that the application for change of judge was made in time. The respondent urges that the appellant, having filed his petition in the original action on the 7th of August, 1913, and having made no application for a change of judge until February 27, 1914, his application came too late. It will be noted, however, that the petition took its regular course under the rules of the superior court for King county, and was not assigned to any particular department or judge for hearing until February 27, 1914. Under the court rule, it is manifest that the appellant could not know to what judge the matter would be assigned until the assignment was made. His immediate application for the change was therefore timely. Any other view would be unreasonable and deprive the appellant of his clear statutory right. We conclude that the presiding judge committed error in refusing the application.

We have often held that the jurisdiction of the trial court in divorce cases is a continuing jurisdiction, especially where the interests of minor children are concerned, and that the trial court, in the exercise of its equitable powers, may, from time to time, upon proper application, change or modify its decree touching alimony and support money and the custody of the children. *Koontz v. Koontz*, 25 Wash. 336, 65 Pac. 546; *Irving v. Irving*, 26 Wash. 122, 66 Pac. 123; *Kane v. Miller*, 40 Wash. 125, 82 Pac. 177; *Poland v. Poland*, 63 Wash. 597, 116 Pac. 2; *Dyer v. Dyer*, 65 Wash. 535, 118

Pac. 634; *Beers v. Beers*, 74 Wash. 458, 133 Pac. 605; *State ex rel. Jones v. Superior Court*, 78 Wash. 372, 139 Pac. 42. In such a proceeding, no new process is necessary. *Harris v. Harris*, 71 Wash. 307, 128 Pac. 673. What we have said in this case is not intended to apply to such cases. This being a statutory proceeding, the case here is clearly distinguishable from the foregoing cases and also from the case of *State ex rel. Stevens v. Superior Court*, 82 Wash. 420, 144 Pac. 539.

The judgment is reversed, and the cause remanded with directions to grant the motion for a change of judge, and for further proceeding.

CROW, C. J., FULLERTON, MAIN, and MOUNT, JJ., concur