[No. 16622. Department Two. December 5, 1921.]

FIRST INTERNATIONAL BANK OF SOUTH BEND et al., *Appellants*, v. ELI ROCKEY et al., *Defendants*,

THOMAS OLSEN, *Respondent*.[1]

PAYMENT (24-1)—PRESUMPTIONS AND BURDEN OF PROOF—NOTES. In an action on a promissory note, the burden of proof, upon the plea of payment, is upon the defendant, but the question of whether payment has been made is one for the jury.

Appeal from a judgment of the superior court for Pacific county, Hewen, J., entered January 6, 1921, upon the verdict of a jury rendered in favor of the defendant, in an action on a promissory note. Affirmed.

*D. E. Twitchell,* for appellants.

*Fred M. Bond,* for respondent.

HOVEY, J.—Appellant bank commissioner sued the respondent and his co-maker on a promissory note given to the bank, which is now being liquidated by the appellant. The wives of the makers of the note were also made parties.

[1]Reported in 202 Pac. 268.

The respondent, among other defenses, pleaded payment, and also plead by way of cross-complaint that there was due him a dividend upon a deposit which he had in the bank at the time it failed. The cause was tried before a jury. A verdict was returned against the appellant upon his cause of action and in favor of the respondent upon his cross-complaint. Appellant asked for a directed verdict, and now assigns error for the reason that the same was not ordered.

There was substantial evidence, if believed by the jury, to establish the case of respondent. Appellant cites *Fishburne v. Robinson,* 49 Wash. 271, 95 Pac. 80, but in that case there was no testimony to justify the submission of the defense to the jury. Appellant also cites 30 Cyc., pages 1290-1292, to the effect that the burden of proof, upon the plea of payment, is upon the defendant. This is the law, but the question of whether it has been made is one for the jury. It is also there stated that, where the evidence is equally balanced, the plaintiff is entitled to recover. There are two cases cited in support of this text, in both of which it was held that this is a proper instruction to give, but in neither of them is it held that the verdict of the jury would be disturbed, and in one of them (*Mullally v. Dingman,* 62 Neb. 702, 87 N. W. 543) it is expressly held that the question is for the jury.

The judgment appealed from is affirmed.

PARKER, C. J., MAIN, HOLCOMB, and BRIDGES, JJ., concur.