[No. 23732. Department Two. January 12, 1933.]

JOSEPH BLACK, *Respondent,* v. EUGENE E. YODER, *Appellant.*[1]

[1]Reported in 17 P. (2d) 850.

342

*H. N. Martin,* for appellant.

*W. T. Beck* and *Patterson & Davis,* for respondent.

STEINERT, J.—This is an action to foreclose a real estate mortgage. Defendant answered, interposing a plea of payment. Issues were joined, and evidence was submitted upon a trial before the court. Findings and conclusions were made and entered, followed by a decree of foreclosure. The defendant has appealed.

On August 28, 1920, appellant executed and delivered to one W. F. Loutzenhiser his promissory note for thirteen hundred dollars, payable November 1, 1921, bearing interest at the rate of eight per cent per annum, and secured by a mortgage on real estate owned by appellant. When the note fell due, appellant paid the interest, but was unable to pay the principal. He succeeded, however, in inducing a friend, John Nelson, to buy the note and mortgage on or about December 28, 1921. Nelson held the note and mortgage until his death, August 15, 1930.

The note contains an endorsement acknowledging payment of interest to November 10, 1925. Nelson paid the taxes on the property, under an arrangement with appellant whereby the latter was to reimburse Nelson therefor as soon as he could. Payments in varying amounts were made by appellant to Nelson, sporadically, until the time of Nelson's death. The evidence does not disclose any definite accounting of the moneys paid and received, nor what allocation was made thereof by Nelson.

When Nelson died, the note and mortgage were found among his assets, and were turned over to

Nels P. Nelson, a brother of the decedent and residuary legatee under his will. The respondent was named as executor of the will, and, as such, he initiated proceedings in probate on August 15, 1930. During the progress of the probate proceedings, it became necessary to determine just how much was still owing on the note. Several conferences were had between respondent and appellant, and also between Nels P. Nelson and appellant. Finally, on December 15, 1930, appellant met the respondent in the office of an attorney and, after some discussion between them, it was agreed that there was still owing on the note the sum of $1,825, and an endorsement to that effect was at the time made on the back of the note and signed by the appellant.

The probate proceedings were concluded on April 16, 1931, by the entry of a final decree in which the residue of the estate, including the note and mortgage, was distributed, and ordered to be turned over, to Nels P. Nelson. On the same day, the note and mortgage were sold and assigned by Nels P. Nelson to respondent for a cash consideration of $1,800. Respondent subsequently endeavored to collect the note, but appellant was unable to pay it. The respondent then offered to enter into a contract with appellant whereby the latter should have a year in which to pay up the indebtedness, and if it was not so paid, then appellant should give respondent a deed to the property. Appellant agreed to enter into such a contract, but when the proposed contract was prepared and presented, he refused to sign it. This action was then begun on May 7, 1931.

Appellant first assigns as error the court's refusal to grant a "change of judge" to try the case. Appellant's first appearance in the action was by mo-

tion for bill of particulars, served May 23, 1931. Notice of setting the case for trial was served on October 3, 1931. On October 8, 1931, the cause was regularly set for trial on November 6, 1931. On November 5, 1931, the appellant filed, but did not serve, his motion and affidavit for change of judge. A few days before this, appellant's counsel had given the presiding judge informal notice that the motion would be made. The trial court overruled the motion on the ground that it was not timely made. This is the basis of appellant's first assignment of error. He contends that, under Rem. Rev. Stat., § 209-2, his motion was timely, no order or ruling in the case involving discretion having been theretofore made by the court.

It will not be necessary to discuss this assignment of error, because we have quite recently passed upon the question involving the timeliness of such a motion, under circumstances similar to those presented here. We there held adversely to the contention of the appellant. *State v. Funk,* 170 Wash. 560, 17 P. (2d) 11. The reasoning and conclusion in that case are controlling here.

Appellant's remaining assignments of error go to the question whether the court properly weighed and determined the evidence touching his plea of payment. John Nelson being dead, the court did not have the benefit of his testimony on that subject. Appellant's evidence was very unsatisfactory. He testified that, on different occasions, he had sent sums of money in varying amounts to Nelson by third persons, but he could not definitely state the times nor the amounts. He presented a number of letters and receipts, but, as the trial judge remarked, and as we find upon an examination of them, they were fragmentary and incomplete, and many of them in a mutilated condition.

After a very painstaking study of the data thus submitted, the trial court found that appellant had paid to Nelson sufficient to cover all taxes against the property up to and including those for the year 1929, and also interest on the note up to December 15, 1930, but that there still remained due and owing on the note and mortgage the sum of $1,825, with interest from April 1, 1931, plus the sums paid for taxes for the years 1930 and 1931, and fifty dollars for an insurance premium paid by respondent after his purchase of the note. Judgment was entered accordingly. A reading of the record convinces us that the evidence preponderates in favor of the court's findings. The burden of proof of payment lay on the appellant. *First International Bank v. Rockey,* 117 Wash. 663, 202 Pac. 268; *Zioncheck v. Hepden,* 144 Wash. 272, 257 Pac. 835. Appellant did not meet the burden imposed upon him.

Furthermore, appellant, after a number of conferences with the respondent, who was then acting as executor of Nelson's estate, agreed that the amount still owing on the note was $1,825, and signed an endorsement thereon to that effect. The respondent purchased the note and paid $1,800 for it on the strength of those conferences and the signed statement by the appellant. The circumstances under which appellant acknowledged his indebtedness upon the note were such as to put him on notice and require him then to assert his claim and contention with regard thereto. It would be most inequitable now, after respondent has purchased the note and mortgage relying upon appellant's statements, to permit the latter to repudiate those statements and cast the loss upon an innocent party. His declaration in writing was not only convincing evidence of the amount that he

346

actually owed, but it also operated as an estoppel against his plea of payment. 10 R. C. L., p. 805, § 115.

The judgment is affirmed.

BEALS, C. J., MAIN, and TOLMAN, JJ., concur.