[Nos. 11630–4–I; 11970–2–I.   Division One.   June 22, 1983.]

MICHAEL R. HEANEY, *Respondent,* v. SEATTLE MUNICIPAL COURT, ET AL, *Appellants.*

THE STATE OF WASHINGTON, *on the Relation of Robert G. Armour, Appellant,* v. JOHN LAWSON, *Judge of the Northeast District Court, Respondent.*

*Douglas N. Jewett, City Attorney,* and *Augustin Jimenez, Assistant,* for appellant City of Seattle.

*Herbert G. Farber,* for appellant Armour.

*Chris L. Matson* and *Matson & Scott,* for respondent Heaney.

*Norm Maleng, Prosecuting Attorney,* and *Linda Jacke, Deputy,* for respondent Lawson.

SCHOLFIELD, J.—The City of Seattle appeals a superior court ruling that Seattle Municipal Court Local Rule 2.01(c)[1] (LR 2.01(c)) is inconsistent with JCrR 3.08,[2] which

---

[1]Local Rule 2.01(c) provides:

"At arraignment or appearance as set forth in Rule 2.02, the court or the clerk shall set a date for trial which is within the time limits prescribed by JCrR 3.08. A party who objects to the date set on the grounds that it is not within the time limits prescribed by JCrR 3.08 must, within ten (10) days of receiving said date, move the court for a trial date within those time limits. Failure of a party, for any

resulted in the dismissal of a charge of driving with license suspended against Michael R. Heaney.

Robert G. Armour appeals a superior court ruling that his motion to dismiss a charge for driving while intoxicated was properly denied because good cause existed to try him outside the 60–day speedy trial time limits of JCrR 3.08, and that Local King County District Court Rule CT–11[3] is consistent with JCrR 3.08.

On May 28, 1981, Michael R. Heaney was charged under the Seattle Traffic Code with driving with a suspended or

reason, to make such a motion shall be a waiver of the objection that a trial commenced on such a date is not within the time limits prescribed by JCrR 3.08, or as amended."

[2]JCrR 3.08 provides:

"Continuances may be granted to either party for good cause shown. Also, the court, on its own motion, may postpone the trial for good and sufficient reason. In either case, the continuance or postponement must be to a date certain. If the defendant is not brought to trial within 60 days from the date of appearance, except where the postponement was requested by the defendant, the court shall order the complaint to be dismissed, unless good cause to the contrary is shown. Dismissal under such circumstances shall be a bar to further prosecution for the offense charged."

[3]CT–11 provides:
"1) Appearance and Pleading:

"Pursuant to JCrR 3.03, an attorney at law may enter an appearance and/or plea of not guilty on behalf of a client on any criminal or traffic offense if said appearance or plea is made in writing or made in open court. Unless it has previously commenced by an appearance made in open court, a written appearance shall commence the running of the sixty day rule (JCrR 3.08) from the date of its receipt by the Court. A plea of not guilty, made in writing, or in open court, obviates the need for any further arraignment and waives any defect in the complaint other than a failure to state a crime. No telephonic request or notice by defendant or defense counsel shall constitute an arraignment, appearance or plea, and shall not commence the time periods under JCrR 3.08.
"2) Waiver of Sixty–Day Rule by Inaction:

"After arraignment or appearance as set forth above, the court shall set a date for trial which is within the time limits prescribed by JCrR 3.08, and notify all parties and their counsel of the date set. A party who objects to the date set upon the ground that it is not within the time limits prescribed by JCrR 3.08 must, within ten days of receiving the notice from the court, move that the court set a trial within those time limits. Failure of a party, for any reason, to make such a motion shall be a waiver of the objection that a trial commenced on such date is not within the time limits prescribed by JCrR 3.08."

revoked operator's license. June 26, 1981, Heaney appeared in Seattle Municipal Court and signed a document entitled "Plea of Not Guilty Giving Up the Right of Formal Arraignment". The document did not advise Heaney of LR 2.01(c), nor of the fact that he needed to object to his trial date of August 26, 1981 within a 10–day period. However, Heaney checked the portion of the plea form which stated, "Although I have the right to have my trial within 60 days from today, I do *not* give up this right."

August 26, 1981, Heaney appeared in Seattle Municipal Court and moved to dismiss the charge pursuant to JCrR 3.08 because the scheduled trial date was the 61st day following his arraignment on June 26. The judge denied the motion, finding Heaney had failed to object to the trial date within a 10–day period as required by LR 2.01(c). The matter proceeded to trial, and Heaney was found guilty.

The matter was reviewed in King County Superior Court under a writ of certiorari. The judge granted Heaney's writ and entered findings of fact and conclusions of law. He ruled that LR 2.01(c) is inconsistent with JCrR 3.08 and therefore to the extent LR 2.01(c) conflicts with JCrR 3.08, the local rule is invalid. The charge against Heaney was dismissed and the City of Seattle appeals.

Robert G. Armour was charged with driving while intoxicated, in violation of King County Code 46.61.502 on March 20, 1982. March 30, 1982, Armour's counsel filed a notice of appearance. On April 5, 1982, Armour filed a notice of waiver of arraignment and a demand for a jury trial. Trial was set for May 6, 1982, with a pretrial hearing set for April 29, 1982. Prior to the pretrial conference, Armour's counsel notified the clerk of the court that Armour elected to waive his right to trial by jury. The clerk struck the pretrial conference scheduled for April 29, 1982, and asked counsel to confirm the waiver of trial by jury in writing.

May 3, 1982, Armour's counsel appeared in the clerk's office and signed the jury trial waiver. Armour's counsel was advised by the clerk of the court that the May 6 trial date had been stricken and that a new nonjury trial date would

be set. The new trial date was June 17, 1982, 79 days after Armour's notice of appearance was filed.

Armour filed a motion to dismiss the action on the grounds that a violation of the 60–day time limit of JCrR 3.08 had occurred. At the hearing on the motion, the judge ruled that there had been no violation of JCrR 3.08 because the reason the trial was set outside the 60–day period was Armour's election to strike the jury demand and therefore good cause existed to conduct the trial outside the 60–day period.

Armour obtained a writ of prohibition and order to show cause in King County Superior Court. There, the judge ruled that local rule CT–11 was "consistent with CrR 3.3,"[4] operated as a waiver by Armour to assert his right to a speedy trial under JCrR 3.08, and that the district court judge correctly found good cause existed to try Armour outside the 60–day period. Armour appeals.

We must first determine whether Seattle Municipal Local Court Rule 2.01(c) and King County Local District Court Rule CT–11 are invalid because inconsistent with JCrR 3.08.

■ JCrR 1.03 states:

> Courts of limited jurisdiction may adopt in accordance with GR 7 such special rules not inconsistent with these general rules as they may deem necessary for their respective courts.

This court will interpret these local court rules by reference to rules of statutory construction. *See* 3 C. Sands, *Statutory Construction* § 67.10 (4th ed. 1974). Under Washington case law, later legislation operates to repeal a prior legislative act where "the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot, by a fair and reasonable construction, be reconciled and both given effect."'" *Tacoma v. Cavanaugh*, 45 Wn.2d 500,

---

[4]Although the Decision on Writ and Remand states, "Court finds local rule CT 11 consistent with CrR 3.3", we treat this as a typographical error. The report of proceedings indicates the judge was ruling on the question of whether the local rule is consistent with JCrR 3.08.

503, 275 P.2d 933 (1954) (quoting from *State v. Becker,* 39 Wn.2d 94, 97, 234 P.2d 897 (1951)). We construe the word "inconsistent" to mean court rules so antithetical that it is impossible as a matter of law that they can both be effective.

We also look to the intent and purposes of JCrR 3.08 to resolve any conflict between that rule and special local court rules. *See State v. Inglis,* 32 Wn. App. 700, 649 P.2d 163 (1982). JCrR 3.08 is intended to protect the defendant's constitutional right to a speedy trial by setting time limits within which a defendant must be brought to trial and placing the burden on the court to ascertain if the speedy trial rule is being followed and make a record of the reasons if it is not. *See State v. White,* 23 Wn. App. 438, 442, 597 P.2d 420 (1979) (construing former CrR 3.3), *aff'd,* 94 Wn.2d 498, 617 P.2d 998 (1980). A defendant's right to be brought to trial in municipal or district court within 60 days of his appearance is separate from his constitutional right to a speedy trial. *See State v. Mack,* 89 Wn.2d 788, 576 P.2d 44 (1978). *Accord, State v. White,* 94 Wn.2d 498, 617 P.2d 998 (1980).

Under the local rules in question, the trial court retains responsibility for seeing that a criminal defendant is tried in accordance with JCrR 3.08. The local rule merely requires a procedural step be taken by a party wishing to assert a legal right. The local rule imposes a burden on both the State and the defendant to move the trial court to set a trial date within the 60–day period required by JCrR 3.08 whenever any party objects to a trial date set beyond those time limits. Upon such a motion, the trial court is required to reset the trial date in accordance with the time limits of JCrR 3.08. Thus, it is not impossible, as a matter of law, for both the local rules and JCrR 3.08 to be effective. A local court rule providing for waiver by inaction of the defendant's right to be tried within 60 days may coexist with a concurrent court rule requiring an accused be brought to trial within 60 days where the accused is aware of such right. *See Taylor v. United States,* 238 F.2d 259 (D.C. Cir.

1956).

Additionally, JCrR 3.08 states that a complaint "shall" be dismissed if a defendant is not brought to trial within 60 days of his date of appearance "unless good cause to the contrary is shown." Failure to comply with applicable local rules is "good cause" not to dismiss a complaint. This further demonstrates that it is not impossible, as a matter of law, for both court rules to be effective.

The defendants contend that in promulgating the local rules challenged here, the lower courts have attempted to rewrite the Supreme Court's statewide justice court rules, and make their local rules the same as the rules for superior court. They argue the Supreme Court specifically declined to provide that objections to the date of trial in justice court are waived if not asserted within certain time limits, as was provided in the revised superior court rule, CrR 3.3(f). Thus, defendants contend, the local courts acted outside their rulemaking authority by inserting the same waiver provision in these local rules. *See* 20 Am. Jur. 2d *Courts* § 82 (1962); *State v. Mack, supra* at 792.

Defendants argue the Supreme Court intended to exclude the implied waiver provisions from lower court rules, pointing out the Supreme Court's previously stated intention to strictly enforce speedy trial rules and to enforce the sanction of dismissal with prejudice in any case in which the speedy trial rules are violated. *State v. White,* 94 Wn.2d at 501; *State v. Lindbo,* 94 Wn.2d 112, 614 P.2d 1277 (1980). We do not find such an intention from the fact that the Supreme Court did not amend JCrR 3.08, given the continued applicability of JCrR 1.03 to questions of local court rulemaking.

We hold Seattle Municipal Court LR 2.01(c) and King County Local District Court Rule CT–11 are valid because not inconsistent with JCrR 3.08. The two rules can be reconciled and both given effect.

However, we hold that Heaney's act in checking the plea form to indicate he was not giving up his right to a trial within 60 days was sufficient compliance with LR 2.01(c).

Although not in the form of a formal motion, his statement on the form was sufficient to constitute a request for trial within 60 days. Therefore, even though we find the local rule to be valid and not inconsistent with JCrR 3.08, we affirm the dismissal of charges against Heaney because he specifically requested trial within 60 days.

We agree with the trial judge's ruling that Armour failed to comply with Local Rule CT–11, and therefore waived his right to be tried within 60 days. The denial of Armour's motion to dismiss was correct, and his conviction is affirmed.

WILLIAMS and RINGOLD, JJ., concur.

Reconsideration denied August 9, 1983.

Review denied by Supreme Court February 24, 1984.