[No. 20272-3-I.   Division One.   August 1, 1988.]

HESSLER CONSTRUCTION COMPANY, INC., *Respondent,* v. WILLIAM A. LOONEY, ET AL, *Appellants.*

*Drew Nielsen* and *Nielsen, Nielsen & Leach,* for appellants.

*Dean C. Robertson* and *Durkee & Robertson,* for respondent.

WILLIAMS, J.—Hessler Construction Company commenced this action against William Looney in King County Superior Court to foreclose a mechanics' lien. After Hessler made a motion for summary judgment supported by an affidavit, Looney timely served a controverting affidavit on Hessler's counsel and filed it with the clerk of the court. Summary judgment foreclosing the lien was granted by an order which did not identify the material considered. In a subsequent "Order of Clarification", presented ex parte by Hessler, the court reported it had not considered Looney's controverting affidavit because it had not been served upon the Civil Motions Coordinator prior to the summary judgment hearing as required by King County Local Rule 56(c)(1)(A). Looney appeals, contending the court improperly disregarded his affidavit.

CR 56(c) provides that a motion for summary judgment shall be served at least 10 days before the time fixed for hearing, and that the adverse party may serve opposing affidavits prior to the day of hearing. Under CR 5(d)(1), papers required to be served upon a party must be filed with the court either before or promptly thereafter. CR 5(e) provides "[t]he filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court". According to CR 5(d)(2), if a party fails to file a responsive pleading or paper, the court, upon 5 days' notice of a motion for sanctions, may dismiss the action or strike the pleading or other paper and grant judgment against the defaulting party for costs and

terms unless good cause is shown for, or justice requires, the granting of an extension of time.

King County Local Rule 56(c)(1)(A) requires filing and service of a motion for summary judgment at least 14 days before the hearing, and provides that the party responding must file and serve the response on all parties and upon the King County Superior Court Civil Motions Coordinator at least 7 days before the hearing. Under LR 56(c)(1)(B), any material offered at a time later than required by the rule, over objection of counsel, will not be accepted or considered by the court except upon the imposition of appropriate terms.

■ CR 83 permits each superior court to make local rules "not inconsistent with these rules." "Inconsistent" means court rules "so antithetical that it is impossible as a matter of law that they can both be effective." *Heaney v. Seattle Mun. Court,* 35 Wn. App. 150, 155, 665 P.2d 918 (1983).

LR 56(c)(1)(A), requiring service on the Civil Motions Coordinator, is not inconsistent with the practice established by the Superior Court Civil Rules. But LR 56(c)-(1)(B), which allows the court to refuse to consider a responsive affidavit properly served and filed solely because it was not served on the Civil Motions Coordinator, is inconsistent because it permits the imposition of a sanction without the process of notice and hearing specified by CR 5(d)(2); the civil rule would be ineffective if such action was permitted. Summary disregard of the controverting affidavit for nonservice on the Coordinator also violates the spirit of the civil rules, whose purpose is to allow the court to reach the merits. *Rinke v. Johns–Manville Corp.,* 47 Wn. App. 222, 227, 734 P.2d 533 (1987). The court erred in refusing to consider Looney's controverting affidavit without following the procedures in CR 5(d)(2).

*Brown v. Peoples Mortgage Co.,* 48 Wn. App. 554, 739 P.2d 1188 (1987), relied upon by Hessler, is inapplicable because it addresses the trial court's discretion to reject an affidavit filed after a summary judgment hearing, rather

than the proper procedure for rejecting an affidavit timely filed but not served on the Civil Motions Coordinator.

Reversed and remanded. Appellants' request for attorney's fees pursuant to RCW 60.04.130 is remanded and shall abide the determination of the prevailing party to the foreclosure action. RAP 18.1(e).

COLE, J. Pro Tem., concurs.

PEKELIS, J., concurs in the result.

Review denied by Supreme Court November 29, 1988.