[No. 23700-4-I.   Division One.   July 24, 1989.]

THE CITY OF SEATTLE, *Respondent*, v. BRADLEY MARSHALL, *Petitioner*.

*Anthony Savage,* for petitioner.

*Douglas N. Jewett, City Attorney,* and *Charlotte Clark–Mahoney, Assistant,* for respondent.

PER CURIAM.—Petitioner Bradley Marshall filed a motion seeking discretionary review of a superior court's RALJ order holding that Marshall's affidavit of prejudice in municipal court was timely and should not have been rejected, but limiting the remedy available to him. The motion was referred to a panel for determination.

Marshall was charged with domestic assault against his wife in Seattle Municipal Court. On August 4, 1987, he waived a jury trial, and a bench trial before Judge Norma Huggins was scheduled for September 3. Marshall was aware of the judge assigned to his case. On the day of trial Marshall filed an affidavit of prejudice which the trial court rejected as untimely pursuant to local court rules. Marshall then entered a plea of guilty which was accepted. On November 2, 1987, the trial court denied Marshall's motion to withdraw his guilty plea and sentenced him. Marshall then appealed the rejection of his affidavit of prejudice to the Superior Court pursuant to RALJ 8.3. The Superior Court ruled that the affidavit of prejudice was timely and that all proceedings in the trial court following its filing

were void. Upon the City's motion for reconsideration the Superior Court held that, although the affidavit of prejudice was timely, the Municipal Court's subsequent acceptance of a plea of guilty was not a discretionary act and was not prejudicial to petitioner. Accordingly, only the "discretionary" act of sentencing was reversed and the case was remanded for resentencing before a different municipal court judge. Marshall then filed a motion for discretionary review in this court. Review is granted pursuant to RAP 2.3(d).

The City did not file a motion for cross review as required by RAP 5.2(f). However, this court is authorized to grant a nonmoving respondent affirmative relief "if demanded by the necessities of the case." RAP 2.4(a). We find this to be such a case. The petitioner seeks review of a superior court remedy which is based upon the superior court's determination that petitioner's affidavit of prejudice in municipal court was timely.[1] Review of that remedy compels review of the underlying ruling on timeliness as well, despite the City's failure to request cross review.

The Superior Court erred in holding that Marshall's affidavit was timely. Seattle Municipal Court Rule 2.14 provides that CrRLJ 8.9(b)[2] will govern the filing of affidavits

---

[1]Having filed a guilty plea following the Municipal Court's rejection of his affidavit of prejudice, it is arguable that Marshall waived his right to appeal that issue in superior court. The parties have not raised this issue and it will not be considered herein.

[2]The SMC rule does not mention CrRLJ 8.9(b), but refers to its predecessor. CrRLJ 8.9(b), which is now the applicable rule, reads:

"**Affidavit of Prejudice.** The judge shall also enter an order of disqualification under the provisions of this rule if, before the judge makes a discretionary ruling and before the trial is commenced, a party files an affidavit alleging that the party cannot have a fair and impartial trial by reason of the interest or prejudice of the judge or for other ground provided by law. Only one such affidavit shall be filed on behalf of the same party in the case and the affidavit shall be made as to only one of the judges of the court. *All rights to an affidavit of prejudice will be considered waived when filed more than 10 days after the defendant's plea is entered or arraignment is waived,* unless the affidavit alleges a particular incident, conversation or utterance by the judge, which was not known to the party within the 10-day period. *In multiple judge courts,* or when a pro

of prejudice in Seattle Municipal Court. That rule, in essence, gives a party 10 days from the date he learns of a judge's assignment to file an affidavit of prejudice. In the event no affidavit is filed, the right to eliminate that judge is deemed waived. It was pursuant to this rule that the Municipal Court rejected Marshall's affidavit as untimely.

██ The Superior Court held that this local rule conflicts with RCW 4.12.050 and RCW 3.66.090 and that the statutory provisions should govern. First, RCW 4.12.050 specifically applies to affidavits of prejudice *in superior court*.[3] *See In re McGee*, 36 Wn. App. 660, 661–62, 679 P.2d 933, *review denied*, 101 Wn.2d 1018 (1984); *State v. Espinoza*, 112 Wn.2d 819, 774 P.2d 1177 (1989). RCW 3.66.090 governs in district and municipal court and reads in pertinent part:

> A change of venue may be allowed upon motion:
> (1) Where there is reason to believe that an impartial trial cannot be had *in the district or municipal court* in which the action was commenced; or

tempore or visiting judge is designated as the judge, *the 10–day period shall commence on the date that the party has actual notice of assignment or reassignment to a designated judge.*" (Italics ours.)

[3]RCW 4.12.050 reads in pertinent part:
"Any party to or any attorney appearing in any action or proceeding *in a superior court*, may establish such prejudice by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: *Provided*, That such motion and affidavit is filed and called to the attention of the judge before he shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and *before the judge presiding has made any order or ruling involving discretion*, but the arrangement of the calendar, the setting of an action, motion or proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso; and in any event, in counties where there is but one resident judge, such motion and affidavit shall be filed not later than the day on which the case is called to be set for trial . . ." (Italics ours.)

(2) Where the convenience of witnesses or the ends of justice would be forwarded by the change.

When such change is ordered, it shall be to the district court of another district in the same county, if any, otherwise to the district court of an adjacent district in another county: *Provided,* That where an affidavit of prejudice is filed against a judge of a municipal court the cause shall be transferred to another department of the municipal court, if one exists, otherwise to a judge pro tempore appointed in the manner prescribed by law.

(Italics ours.) Unlike RCW 4.12.050, there is no specific mention of *when* an affidavit of prejudice must be filed in order to be timely in municipal court. Rather, that detail is set out in CrRLJ 8.9(b), which cannot be said to "conflict" with RCW 3.66.090. In *Heaney v. Seattle Mun. Court,* 35 Wn. App. 150, 155, 665 P.2d 918 (1983), *review denied,* 101 Wn.2d 1004 (1984), we found no impermissible conflict between local and statewide court rules where "[t]he local rule merely requires a procedural step be taken by a party wishing to assert a legal right." The ultimate test is whether "[t]he two rules can be reconciled and both given effect." *Heaney,* at 156.

Here, as in *Heaney,* CrRLJ 8.9(b) "merely requires a procedural step be taken by a party wishing to assert a legal right". This procedural step in no manner conflicts with the statute, RCW 3.66.090, which creates the legal right being asserted. The alleged conflict certainly does not meet the *Heaney* test of two rules so antithetical that it is impossible as a matter of law that they both can be effective. *Accord, State v. Chavez,* 111 Wn.2d 548, 555, 761 P.2d 607 (1988); *Hessler Constr. Co. v. Looney,* 52 Wn. App. 110, 112, 757 P.2d 988 (1988). Moreover, even if conflict exists, the court rule supersedes the statute pursuant to CrRLJ 1.1.

The affidavit was *not* timely under the applicable statute and rules and the Superior Court's ruling to the contrary is reversed. The judgment and sentence entered by the

834

Seattle Municipal Court are hereby reinstated and the matter remanded for enforcement of said sentence.

Reconsideration denied April 9, 1990.