[No. 12189-1-II. Division Two. November 5, 1990.]

*In the Matter of the Marriage of* JAIMIE H. LEMON, *Respondent, and* WILBUR C. LEMON, *Appellant.*

*Craig S. Adams* and *Gelman & Associates,* for appellant.

*Barbara J. Sylvester* and *McGavick, Graves, Beale & McNerthney,* for respondent.

WORSWICK, J.—The only subject worthy of discussion in this case is the frontal assault by appellant Wilbur Lemon's attorney on former Pierce County Superior Court Local Rule 12, regulating the timing of affidavits of prejudice.[1] We uphold the rule.

---

[1]Lemon appeals a decree of dissolution, challenging the valuation and distribution of property and the award of attorneys fees and maintenance. Notwithstanding its division on the subject to be discussed, the panel unanimously agrees that all aspects of the decree were within the trial court's prerogatives, and that Lemon's challenges are without merit and require no discussion. We do, however, deny respondent's request for attorneys fees for want of a showing that appellant is able to pay. *In re Marriage of Young,* 44 Wn. App. 533, 538, 723 P.2d 12 (1986).

The Pierce County Superior Court employs a departmental docket system for civil cases. A civil case is assigned to a specific judge as soon as a note of issue is filed, either for the motion docket or for the trial assignment docket. The assignment lists are widely publicized well before the applicable court date. No Pierce County lawyer appearing for a motion or trial assignment docket can claim ignorance of the assigned judge.

An administrative problem, not to mention substantial inconvenience to the lawyers and parties, is created if an affidavit of prejudice is submitted after a civil case is assigned a departmental trial date, because the assignment process must then start again, leaving a hole in the docket from which the case is removed and causing difficulty in obtaining a comparable date in a different department. To correct this problem, in 1982 the Pierce County Superior Court judges adopted LR 12, titled "Affidavits of Prejudice." The rule provides, in pertinent part:

(a) GENERALLY
Affidavits of prejudice will not be recognized unless:
(1) Fully in conformity with RCW 4.12.040 and .050;
(2) Presented before the judge in question has made any ruling involving discretion;
(3) "Timely presented" as herein defined.
(b) WHEN PRESENTED
"Timely presented" means brought to the personal attention of the judge in question as soon as the presenting party has knowledge that the case has been assigned to that judge; . . .
(c) WHEN ASSIGNED
The parties and attorneys will be presumed to know of assignment to a judge:
(1) In civil cases, when the case has been noted for the trial assignment docket and such docket has been posted by the clerk, in which event the affidavit shall be presented as soon as reasonably possible; if it is not reasonably possible to present the affidavit before the call of the assignment docket as so posted, it will be timely only if the presenting party (a) renotes the matter for the assignment docket to be called not later than the second consecutive assignment date following the aforementioned posting, and (b) presents the affidavit before the first call of the docket on such second date;

Lemon's attorney filed a note for the trial assignment docket of November 6, 1987, and the case was assigned in accordance with the usual Pierce County procedure. The attorney's partner attended the assignment proceedings; he did not object to the judge, and the judge reserved a trial date for the case on his docket.

Lemon's attorney, who claims he was unable to attend the assignment docket because he was out of town, then chose to file an affidavit of prejudice against the assigned judge. Under former LR 12, the attorney could have renoted the case for an assignment docket as late as November 24. He did not, however, renote it for that or any other date. Rather, he presented the affidavit to the judge after November 24. The attorney did not attempt to show mitigating circumstances or otherwise try to excuse his delinquency. He asserted only that he had the right to file the affidavit before the judge made a discretionary ruling.[2] The attorney claimed in superior court, and he repeats the claim here, that the rule is void because he and his client have the unfettered right to file an affidavit at any time before the judge makes a discretionary ruling. He is incorrect.

There is no constitutional right to the removal of a judge; the right is created by statute.[3] *In re McGee*, 36 Wn.

---

[2]It seems plain from the report of proceedings that the attorney either disregarded the rule or was not aware of it, although it had been promulgated some 5 years earlier.

[3]RCW 4.12.050 provides, in relevant part:

"Any party to or any attorney appearing in any action or proceeding in a superior court, may establish such prejudice [as defined in RCW 4.12.040] by motion, supported by affidavit that the judge before whom the action is pending is prejudiced against such party or attorney, so that such party or attorney cannot, or believes that he cannot, have a fair and impartial trial before such judge: *Provided*, That such motion and affidavit is filed and called to the attention of the judge before he shall have made any ruling whatsoever in the case, either on the motion of the party making the affidavit, or on the motion of any other party to the action, of the hearing of which the party making the affidavit has been given notice, and before the judge presiding has made any order or ruling involving discretion, but the arrangement of the calendar, the setting of an action, motion, or

App. 660, 661, 679 P.2d 933 (upholding former Pierce County LR 12 as it applies to court commissioners), *review denied,* 101 Wn.2d 1018 (1984); *accord, State v. Espinoza,* 112 Wn.2d 819, 826, 774 P.2d 1177 (1989). Contrary to the position asserted by Lemon's attorney, no court of this state has ever held that the statute must be applied literally and is not subject to interpretation or regulation by rule. Virtually from the date of the statute's enactment in 1911 (Laws of 1911, ch. 121, § 2), our courts have held to the contrary. *See State ex rel. Lefebvre v. Clifford,* 65 Wash. 313, 118 P. 40 (1911) (Legislature intended statute be administered so as not to interfere with the orderly administration of justice). *See also LaMon v. Butler,* 112 Wn.2d 193, 770 P.2d 1027 (statute will not be interpreted to permit each single plaintiff and defendant in a single action a separate affidavit of prejudice), *cert. denied,* 110 S. Ct. 61 (1989); *Black v. Yoder,* 171 Wash. 341, 17 P.2d 850 (1933); *State v. Funk,* 170 Wash. 560, 17 P.2d 11 (1932) (filing of an affidavit on the day of trial or the day before untimely in a 1–judge county).[4] In fact, very soon after enactment of the statute, our Supreme Court acknowledged that a local rule reasonably defining timeliness of such affidavits would be valid. *See State ex rel. Beeler v. Smith,* 76 Wash. 460, 136 P. 678 (1913). Even *Marine Power & Equip. Co. v. Department of Transp.,* 102 Wn.2d 457, 687 P.2d 202 (1984), upon which Lemon's attorney almost exclusively relies, recognizes that a court rule could superimpose filing requirements. *See Marine Power,* 102 Wn.2d at 461. Former LR 12 was adopted under the authority of CR

---

proceeding down for hearing or trial, the arraignment of the accused in a criminal action or the fixing of bail, shall not be construed as a ruling or order involving discretion within the meaning of this proviso; . . .".

[4]The right to removal by affidavit of prejudice was originally restricted only by the limitation of one affidavit per party. It was subsequently amended to include the limitations applied in *Black v. Yoder, supra; State v. Funk, supra;* and *State ex rel. Lefebvre v. Clifford, supra.*

83(a); it is consistent with the statewide rules because no portion of CR deals with the subject.[5]

■ Former LR 12 takes away no substantive rights; it is only procedural. A local rule is proper if it merely requires that a procedural step be taken by one wishing to assert a legal right. *Heaney v. Seattle Mun. Court,* 35 Wn. App. 150, 155, 665 P.2d 918 (1983). Rules limiting the time for the exercise of substantive rights are routinely held valid. *See Wirtz v. Hooper–Holmes Bur., Inc.,* 327 F.2d 939 (5th Cir. 1964) (approving a local rule permitting dismissal of a case if the plaintiffs did not provide a witness list at least 10 days before trial); *Nudd v. Fuller,* 150 Wash. 389, 273 P. 200 (1928) (upholding a court rule requiring notice of appeal within 30 days); *Seattle v. Marshall,* 54 Wn. App. 829, 776 P.2d 174 (1989) (upholding a local rule that provided that the right to an affidavit of prejudice was waived if filed more than 10 days after entry of a plea or waiver of arraignment); *Heaney v. Seattle Mun. Court, supra* (approving a local rule that requires that the right to a speedy trial in justice court be asserted within 10 days).

■ Similarly, local rules imposing other restrictions on the exercise of substantive rights have also routinely been approved. *See Sealy, Inc. v. Easy Living, Inc.,* 743 F.2d 1378 (9th Cir. 1984) (local rule can preclude testimony of expert when qualifications and substance of testimony were not provided to opposing party); *Hicks v. Bekins Moving & Storage Co.,* 115 F.2d 406 (9th Cir. 1940) (local rule could authorize court to dismiss action sua sponte for failure to prosecute, even though Fed. R. Civ. P. 41 only specifically permitted the defendant to bring such a motion); *State v. Espinoza, supra* (upholding local rule precluding the disqualification of a commissioner by affidavit of prejudice); *Hessler Constr. Co. v. Looney,* 52 Wn. App. 110, 757 P.2d 988 (1988) (local rule can require service of response to summary judgment motion on civil motions coordinator, as

---

[5]None of the cases relied on by the dissent involve court rules. None suggests that a court rule on the subject is inappropriate.

well as parties, but sanctions can be imposed upon failure to do so only after notice and a hearing).

It is apparent that an overall timeliness requirement has been superimposed on the statute by case law. Relief from that requirement has been afforded only where compliance was impossible because the party asking for relief either had no prior knowledge of the judge's identity or was a latecomer to the action. *See Marine Power & Equip. Co. v. Department of Transp., supra; State v. Dixon,* 74 Wn.2d 700, 446 P.2d 329 (1968); *State ex rel. Goodman v. Frater,* 173 Wash. 571, 24 P.2d 66 (1933); *Cooper v. Cooper,* 83 Wash. 85, 145 P. 66 (1914); *State v. Norman,* 24 Wn. App. 811, 603 P.2d 1280 (1979). This is not such a case. Lemon's attorney has never contended that he did not know of the judge assigned to his case in time to comply with former LR 12, and he has not offered any other excuse for his failure to comply.

Former LR 12 did not deny Lemon his right to a change of judge. It simply interposed a reasonable procedural step designed to further the orderly administration of court business. Local rules for the conduct of trial courts are desirable and necessary; such rules should not be ignored or declared invalid except for compelling reasons. *Victor F. v. Pasadena Indep. Sch. Dist.,* 793 F.2d 633, 635 (5th Cir. 1986). There are no such reasons here.

Running a trial court is no easy business. Trial judges have the right to expect lawyers to read and follow the rules or supply a good reason for not doing so. They also have the right to expect us to uphold reasonable rules designed to help them discharge their onerous administrative chores.

Affirmed.

REED, J. Pro Tem., concurs.

ALEXANDER, C.J. (dissenting)—In my opinion, the trial court erred in refusing to recognize the affidavit of prejudice filed by Wilbur Lemon's counsel. Therefore, I dissent.

Since this state's early days, all parties to a lawsuit have possessed the statutory right to exercise what amounts to a peremptory challenge to the judge assigned to hear the case. RCW 4.12.050. In order to exercise that right, a party need only file an affidavit stating that the judge before whom the action is pending is prejudiced against that party. If the affidavit of prejudice is filed, before the assigned judge has made a discretionary ruling in the case, the prejudice is deemed established and "the judge to whom [the motion] is directed is divested of authority to proceed further into the merits of the action." *Marine Power & Equip. Co. v. Department of Transp.*, 102 Wn.2d 457, 460, 687 P.2d 202 (1984). "[A]rrangement of the calendar, the setting of an action, motion, or proceeding down for hearing or trial, . . . shall not be construed as a ruling or order involving discretion . . .". RCW 4.12.050.

Respondent concedes that the trial court had not made any discretionary rulings prior to the time counsel filed the affidavit of prejudice. The trial court's refusal to recognize the affidavit was based on its determination that the affidavit had not been "timely presented" pursuant to the Pierce County Superior Court's former local rule 12. I can find no fault with the trial judge's mechanical application of that rule. The trial court's error, in my judgment, was not a failure to understand the local rule, but rather, its recognition of the validity of the local rule in these circumstances. To accord validity to the local rule was to fail to recognize that every party has the right to a change of judge without inquiry if the requirements of RCW 4.12.050 are satisfied. *Marine Power & Equip. Co. v. Department of Transp., supra.* Those requirements were satisfied when Wilbur Lemon's counsel filed the affidavit of prejudice before the assigned judge had made any rulings in the case. The trial court, therefore, had no discretion but to step aside and assign the case to another department.

The position I express in this dissent is not a departure from any position we have taken in the past. In the case of

*In re Gibson,* 4 Wn. App. 372, 377, 483 P.2d 131 (1971), we observed that:

> Where an affidavit has been timely filed, the moving party is entitled to a change of judge as a matter of right. An affidavit of prejudice is timely if it is made before the judge has made any ruling in the proceeding.

(Citations omitted.) Nothing has occurred since *Gibson,* that should cause us to retreat from that position. Indeed, in the *Marine Power* case, our Supreme Court noted that any implication that a party must seek to disqualify the judge immediately upon learning his or her identity was "anomalous" to that court's interpretation of RCW 4.12-.050. The mere fact that the trial judge's ruling finds support in a local rule is not at all significant. The trial court's ruling, albeit in accordance with the local rule, is clearly inconsistent with RCW 4.12.050, in that it engrafts a requirement of "timely presentation" which is not in the statute. No authority has been cited to us, and I know of none, which suggests that superior court judges have authority to make local rules that detract from rights granted by statute.

The majority devotes a great deal of attention to its discussion of the reasonableness of the local rule as a device to increase court efficiency. I cannot disagree with the majority. Undoubtedly the efficiency of the superior court would be increased to an even greater extent if RCW 4.12.050 were to be totally repealed. The statute has not, however, been repealed. The Legislature, since it enacted this statute in 1911, has accorded litigants the right to challenge superior court judges. While this right may be considered a nuisance by some, it is a right guaranteed to all litigants. Courts cannot ignore this right or sweep it away in the name of efficiency. Recently our Supreme Court addressed this very issue when it said:

> The history of RCW 4.12.050 reflects an accommodation between two important, and at times competing, interests: a party's right to one change of judge without inquiry and the orderly administration of justice. The history also reflects a

decision to accord greater weight to the party's right to a change of judge. . . .

*PUD 1 v. Walbrook Ins. Co.,* 115 Wn.2d 339, 349, 797 P.2d 504 (1990).

I am not unmindful of the fact that our Supreme Court has long recognized that an affidavit of prejudice need not be honored, notwithstanding that it was filed before a discretionary ruling had been made in the case, if to do so would in a real sense interfere with the orderly administration of justice. *State v. Funk,* 170 Wash. 560, 17 P.2d 11 (1932); *Black v. Yoder,* 171 Wash. 341, 17 P.2d 850 (1933). In the *Funk* and *Black* cases, however, the affidavit was untimely in a practical sense.[6] Here, there is no contention by respondent that the affidavit of prejudice was untimely in that sense. It was submitted far in advance of the trial date and very soon after counsel learned the identity of the trial judge. No one could seriously argue that its recognition by the superior court judge to whom the case was assigned would have seriously impeded the arrangement of the court calendars of the multi-judge Pierce County Superior Court. The failure to recognize the validity of the affidavit was error and we should reverse.[7]

Reconsideration denied December 28, 1990 and January 11, 1991.

Remanded to the Court of Appeals at 116 Wn.2d 1018 (1991).

---

[6]In response to the concerns expressed in the *Funk* and *Black* cases, the Legislature amended RCW 4.12.030 to provide that in order to be effective in superior court in 1-judge counties, the affidavit must be filed no later than the day the case is called for trial.

[7]It is noteworthy that the Pierce County Superior Court judges have recently repealed local rule 12 and adopted a new local rule relating to affidavits of prejudice. The rule, Pierce County LR 40, reads as follows:
    (d) *Reassignment for Inability To Hear.*
        (1) If the departmental judge for a case for any reason is unable to hear a preassigned matter, he or she may, at his or her discretion or upon

application of either party, transfer such case to the court administrator for reassignment.

(2) In the event the departmental judge is unable to hear a case on the date set because of a conflicting schedule, the case will be transferred to the court administrator for reassignment.

While awaiting such reassignment, litigants and their witnesses shall remain available until 2:00 p.m. of the scheduled trial date unless excused earlier by the court administrator.

If it is not possible for the Court Administrator to reassign a case on the scheduled trial date due to lack of an available department, the case must be renoted with the previously assigned department for a new trial date.

It appears that the new rule, unlike its predecessor, is generally consistent with RCW 4.12.050. One can only speculate as to the reasons for the change in the local rule.