[No. 34469-2-I.   Division One.   February 26, 1996.]

THE CITY OF SEATTLE, *Petitioner*, v. DAVID A. KOHLES, *Respondent*.

---

*Mark H. Sidran, City Attorney,* and *Janice C. Albert* and *Richard E. Greene, Assistants,* for petitioner.

*G. William Shaw* and *McDonald & Quackenbush,* for respondent.

GROSSE, J. — In this case we are asked to determine whether Seattle Municipal Court Local Infraction Rule (SMCLIR) 2.6 conflicts with Infraction Rule for Courts of Limited Jurisdiction (IRLJ) 2.6. Both rules deal with setting contested hearings in cases involving infractions and a defendant's waiver of a timely date for the hearing. The superior court, on David Kohles' RALJ appeal of the municipal court's determination that he committed a traffic infraction, found that the rules conflicted and reversed the municipal court. We agree and affirm the superior court.

## FACTS

The City of Seattle cited David Kohles for speeding on March 31, 1993. The City received his request for a hearing to contest the infraction on April 7, 1993. On April 15, 1993, pursuant to local rule, the court scheduled a settlement conference for May 17, 1993. Kohles appeared at the settlement conference, but the matter was not resolved. Following the conference, and also on May 17, 1993, Kohles received a notice setting the contested hearing for September 7, 1993. The notice did not inform him of his

right to receive notice of the date for the hearing within 14 days of his request for the hearing or of his obligation to object to the hearing date within the 10 days after it was set.

At the September 7, 1993 contested hearing, Kohles moved to dismiss for failure to timely set the hearing. The judge denied the motion on the ground that Kohles failed to object to the hearing date within 10 days as required by the local rule and found that Kohles had committed the infraction. Kohles appealed to the superior court. That court reversed the municipal court, concluding:

> Seattle Municipal Court Local [Infraction] Rule (SMCLIR) 2.6 which requires a written motion for a speedy hearing within 10 days of setting a hearing date or the objection to the date shall be waived is in conflict with JTIR (IRLJ) 2.6 which requires the defendant to supply a written waiver to accept a date outside the 14 to 90 day hearing requirement.

Upon motion of the City, we granted discretionary review of the superior court's decision and we now affirm.

## DISCUSSION

IRLJ 2.6(a) sets forth the procedure the court follows when a person cited for an infraction requests a hearing to contest the citation. When the court receives such a response, the rule directs that

> the court shall schedule a hearing to determine whether the defendant committed the infraction. The hearing shall be scheduled for not less than 14 days nor more than 90 days from the date of written notice of the hearing date, unless otherwise agreed by the defendant in writing.

IRLJ 2.6(a)(1). Subsection (2) of that rule provides, "The court shall send the defendant written notice of the time, place, and date of the hearing within 14 days of the receipt of the request for a hearing." IRLJ 2.6(a)(2).

The local rule with which the superior court found IRLJ 2.6 conflicts provides as follows:

A defendant who objects to the hearing date set by the court pursuant to JTIR (IRLJ) 2.6, shall file with the court and serve upon the plaintiff a written motion for a speedy hearing date; said motion shall be filed and served no later than ten days from the date of written notice of the hearing date. Failure to comply with this rule shall be a waiver of the objection.

SMCLIR 2.6.

The City argues that this case is controlled by *Heaney v. Seattle Municipal Court*, 35 Wn. App. 150, 155, 665 P.2d 918 (1983), *review denied*, 101 Wn.2d 1004 (1984). We disagree because, unlike Heaney, Kohles was never made aware of his rights and obligations under the local rules.

Here, the local rule mandates that a person object to the hearing date within 10 days from written notice of the date, but the written notice of hearing the City issues contains no language informing the party of this 10–day limitation. In fact, nothing in the record indicates that any of the written correspondence a party receives from the City notifies that party of the local rule's requirement. *Heaney* also involved a local rule requiring a party who objects to the trial date on the grounds that it was not within the speedy trial time limits to move within 10 days of receipt of the notice of trial date for a date within the speedy trial limits. But the court rule with which this local rule allegedly conflicted, JCrR 3.08, provided that if the defendant was not brought to trial within 60 days from date of appearance, the court was to order the complaint dismissed unless good cause to the contrary was shown. *Heaney* held that the two rules did not conflict because it was not impossible as a matter of law for both to be effective. The court stated:

> A local court rule providing for waiver by inaction of the defendant's right to be tried within 60 days may coexist with a concurrent court rule requiring an accused be brought to trial within 60 days *where the accused is aware of such right.*

(Emphasis added.) *Heaney*, 35 Wn. App. at 155.

In the present case, the documents Kohles received regarding the traffic infraction informed him of the right to a contested hearing and of the fact that the court would notify him of the date on which the hearing is set. However, nothing notified him either of the right to object to the hearing date or that, in order for the objection to be valid, he must file a motion within 10 days after the notice of the hearing. Thus, the important condition set forth by the court in *Heaney*, namely that the defendant be aware of the rights afforded under the rules, is absent here because the City failed to adequately notify Kohles of either his right to a speedy hearing or its 10–day requirement for objecting to the hearing date. The City's argument would require us to expand *Heaney* beyond this important limitation on its rule. For the reasons discussed below, we conclude that extending *Heaney* to validate the City's procedure in this case would violate a fundamental precept of due process.

We agree with the superior court that the local rule conflicts with IRLJ 2.6(a)(2). Under IRLJ 2.6, a court of limited jurisdiction is obligated to set a hearing regarding the traffic infraction within 14 to 90 days from the date of the written notice of the hearing. The defendant may waive this speedy hearing if he or she does so in writing. Under the local rule, however, the affirmative obligation to seek and obtain a speedy hearing is placed on the defendant. Under this rule, if the defendant takes no action to demand a speedy hearing date within the time prescribed, the defendant loses the right granted in IRLJ 2.6 to a speedy hearing. This case is unlike *Heaney v. Seattle Municipal Court*, 35 Wn. App. 150, because there the trial court retained responsibility for assuring that a defendant was tried within the applicable time period. Under the local rule at issue here, however, the obligation is placed on the defendant to secure a speedy hearing. As the federal and state courts have often observed in the analogous circumstance of criminal speedy trial violations, while a waiver is permitted if the defendant does

not call the speedy trial violation to the court's attention, a defendant nonetheless has no obligation to bring himself to trial. *Barker v. Wingo*, 407 U.S. 514, 527, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972); *State v. Lemley*, 64 Wn. App. 724, 730, 828 P.2d 587, *review denied*, 119 Wn.2d 1025 (1992); *Seattle v. Hilton*, 62 Wn. App. 487, 491, 815 P.2d 808 (1991), *review denied*, 122 Wn.2d 1012 (1993). The two rules cannot coexist, and the local rule must yield.

■ This failure to notify Kohles of both the right to a speedy hearing and the procedure he must follow to preserve it also violates the principle of fundamental fairness embodied in the constitutional due process guarantee.[1] Under the circumstances presented here, it is fundamentally unfair to include a time limitation in a local rule but to fail to include notice of that limit in the correspondence sent to the party subject to that limitation. This is particularly true when that correspondence outlines in detail every other aspect of the governing rules procedures.[2] Given the extent of the information contained in the notice, it is reasonable for a party to assume that *all* of the information pertaining to the hearing, including the right to object to the hearing date, is included in the notice and that he or she need not look elsewhere for additional pertinent information.

In conclusion, we find that not only is the local rule invalid because it conflicts with IRLJ 2.6 and, without notice, absolves the court of any responsibility to bring a party to trial, but also because the manner in which the City proceeds in infraction cases violates principles of fundamental fairness. We therefore affirm the superior

---

[1] *See State v. Galbreath*, 69 Wn.2d 664, 667, 419 P.2d 800 (1966) (the concept of fundamental fairness is inherent in the due process clause of U.S. Const. amend. 14); *State v. Tang*, 75 Wn. App. 473, 478, 878 P.2d 487 (1994) (same).

[2] For example, the notice of hearing Kohles received from the City set forth instructions on how to obtain subpoenas for witnesses, an outline of the hearing procedures and the rights afforded him at the hearing such as the right to present evidence and examine witnesses, instructions on his right to appeal the court's final determination, and a discussion of the implications of his failure to appear at the contested hearing.

court's reversal of the municipal court's determination, finding that Kohles was deprived of the fundamental fairness to which he is guaranteed under due process principles.

KENNEDY, A.C.J., and AGID, J., concur.